### J. M. BAUGH ET AL. V. THE TEXAS & NEW ORLEANS RAILWAY COMPANY.

#### No. 3092.

1. **Nuisance, Permanent.** — When a nuisance is created by the construction of works in their nature permanent, and which as sometimes occurs in case of works for a public use are not subject to be abated, the rule is that all damages resulting therefrom to property may be recovered in one action, and the proper measure of damages is the depreciation in the value of the property. The rule also applies when the injury resulting from the nuisance is of a permanent character.

2. **Temporary Nuisance.**—But when the nuisances complained of are of a temporary character, such as may be voluntarily removed or avoided by the wrongdoer, or such as the injured party may cause to be abated, only such damages as have accrued up to the trial can be recovered. For such damages depreciation in the value of the property affected is not the measure.

3. **Case in Judgment.**—Suit by owner of a lot abutting upon a street against a railway company for damages, among other causes, (1) running its trains along the street at greater speed than allowed by city ordinances, (2) failing to keep flagmen at crossings as required, and (3) stopping trains loaded with stock in front of plaintiff's residence—all alleged as depreciating the value of the lots owned by the plaintiff. *Held*, that exceptions to such allegations were properly sustained.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion gives a statement.

*Stewart & Stewart,* for appellants.—1. An abutting property owner has such an interest in the street in front of his property that he may recover for damages caused by obstructing and hindering his free use of the same, and is not barred from recovery on the ground that other property owners in the same locality had also been injured in the same manner. Railway v. Eddins, 60 Texas, 656; Railway v. Bock, 63 Texas, 245; Railway v. Fuller, 63 Texas, 467; Railway v. Goldberg, 68 Texas, 685; Bish. on Non-Con. Law, secs. 990, 997.

2. The council of the city of Houston has full control of the streets in the city of Houston and the power to regulate the speed of trains within its limits, and has regulated the speed of trains to six miles an hour and provided for placing flagmen at street crossings. Rev. Stats., arts. 375, 414; Houston City Ordinances, arts. 176, 177.

3. A general demurrer to petition is only good when no cause of action is shown by the petition, and on a general demurrer every reasonable intendment should be in favor of the sufficiency of the pleading. Lambeth v. Turner, 1 Texas, 364; Burks v. Watson, 48 Texas, 107; Murray v. Railway, 63 Texas, 407; Rule 17, 47 Texas, 619; Edgar v. Galveston City Co., 46 Texas, 421; Railway v. Montier, 61 Texas, 122.

4. If a railway company lawfully located upon a street uses the street in the operation of its road beyond what is necessary for the proper running of its trains, and by such successive and improper use destroys the easement of way and of ingress and egress appurtenant to an abutting lot, or destroys by such improper use the health and comfortable enjoyment by the owners of abutting property in their use of their property, the owner of such property can maintain successive actions for such nuisance, recovering the damages that have accrued up to the time each action was brought; and the fact that the railway has done such acts for more than two years before the institution of the suit claiming damages for such will not bar the action. Such uses are not of a permanent character but are recurrent, and every act is a new wrong, and successive actions may be brought, each recovery embracing only the damages sustained up to the commencement of the action. Harmon v. Railway, 11 S. W. Rep., 703; Uline v. Railway, 101 N. Y., 98; Railway v. Bingham et al., 11 S. W. Rep., 705; Rhode v. Whitehead, 27 Texas, 304; Wood on Lim., secs. 180–183, and notes; Angell on Lim., sec. 300; Buswell on Lim., sec. 217.

*W. N. Shaw,* for appellee.—1. While the city council of the city of Houston has the full control of its streets and the power to regulate the speed of trains within its limits, and to provide for placing flagmen at street crossings, an infraction of an ordinance of the character mentioned renders the company liable, if at all, to the city alone under such penalties as the ordinance may prescribe therefor. Railway v.

Wright, 62 Texas, 515; Railway v. Nixon, 52 Texas, 19; Railway v. Le Gierse, 51 Texas, 189.

2. A railway company is not responsible for the incidental damages occasioned to land abutting on or near to the track, the road being run in all respects with care and skill. Beseman v. Railway, Sup. Ct. N. J., March 9, 1888; see Ry. and Corp. Jour., vol. 3, No. 21, p. 498, May 26, 1888, or Albany Law Jour., vol. 38, No. 18 November 3, 1888, p. 356.

GAINES, ASSOCIATE JUSTICE.—Appellants brought this suit as husband and wife against the appellee to recover damages, alleging that the husband was the owner of a certain lot in the city of Houston along the street in front of which the defendant corporation was operating its line of railway; that the lot was at the time of bringing the suit, and for a long time previous thereto had been, their homestead, and that by reason of the raising of the grade of the road in the front of their property and the unlawful manner of operating the road and the trains they had been damaged by a depreciation in its value. There were five separate and specific grounds of recovery set up in the petition, to all of which demurrers were sustained except the first. Upon issues joined upon that ground the parties went to trial and the defendant had a verdict and judgment in its favor. The rulings of the court in sustaining the demurrers to the second, third, and fifth grounds of action alleged in the petition are severally assigned as error.

The second cause of action alleged is that by the ordinance of the city of Houston the defendant company is prohibited from running its trains within the city limits at a greater rate of speed than six miles per hour, but that the defendant since the month of September, 1888, had run its trains along the street in front of plaintiffs' property at a rate of speed from fifteen to twenty miles per hour; that thereby it was rendered unsafe for the plaintiffs and the members of their family to cross the track in going to and from their home, and that by reason thereof their property had been rendered inaccessible and had been depreciated in value in the sum of $250.

The third cause of action alleged was that the city had made it the duty of the defendant to keep flagmen at certain crossings adjacent to plaintiffs' property; that this duty it had failed to perform, and that by reason of its failure cars, trains, and locomotives had been permitted to stand on said crossing an unreasonable time, thereby depreciating plaintiffs' property in the sum of $250.

The fifth ground of recovery alleged is that the defendant had caused trains loaded with cattle, horses, and manure to stop in front of plaintiffs' homestead "more than five minutes at a time and often more than a day at a time," and that from the cars so loaded a stench emitted that pervaded the house of plaintiffs, creating great discomfort

and sickness to the family, and that as a result their property had been damaged $500.

When a nuisance is created by the construction of works in their nature permanent and which, as sometimes occurs in case of works for a public use, are not subject to be abated, the rule is that all damages resulting therefrom to property may be recovered in one action, and the proper measure of damages is the depreciation in the value of the property.   Rosenthal v. Railway, 79 Texas, 325; Railway y. Hall, 78 Texas, 169.   That rule also applies when the injury resulting from the nuisance is of a permanent character.   But when the nuisances complained of are of a temporary character—such as may be voluntarily removed or avoided by the wrongdoer or such as the injured party may cause to be abated, only such damages as have accrued up to the institution of the suit or (under our system) to the trial of the action can be recovered.   For such damages depreciation in the value of the property affected by the injury is not a measure; and in such a suit the amount of such depreciation can not be recovered.   In each of the so-called counts of the petition the wrongful acts alleged are of a temporary nature and subject to be discontinued either voluntarily or by suit, and the only damages alleged were the depreciation in the value of plaintiffs' property.

To state the case somewhat differently, in those parts of the petition the plaintiffs sought to recover for an alleged depreciation in the value of their property caused by the acts of the defendant and failed to allege facts which would authorize such a recovery.   We are of opinion that the demurrers were properly sustained.

We would not be understood as holding that the facts alleged in the counts in the petition we have had under consideration show grounds for the recovery of any damages; for we think the allegations in the second and third would not have authorized any recovery whatever.

The judgment is affirmed.

*Affirmed.*

Delivered February 27, 1891.