## CITY OF HOUSTON v. J. C. HUTCHESON.

### Decided May 4, 1904.

**1.—City—Diverting Water by Street Curbing—Damages.**

Where a city in paving and grading streets diverts the natural flow of surface water therefrom into another street and by reason thereof and of a failure to provide sufficient outlets for the water, the premises of an abutting property owner are flooded and damaged, the city is liable for the injury.

**2.—Same—Notice of Defect in Street.**

A city charter provision protecting the city from liability for negligent failure to repair a street except for such damages as may accrue after ten days' written notice, is no bar to claims for injury due to an affirmative act of the city authorities.

**3.—Same—Notice not Limiting Right.**

The fact that the property owner gave notice to the city that the curbing had sunk and the improvement was out of repair, held not to preclude him from predicating his course of action for damages on the city's act in diverting the water in the first instance.

**4.—Pleading—Matter of Inducement—Harmless Error.**

Failure of the court to sustain an exception to matter improperly pleaded by plaintiff was not reversible error where the matter was pleaded merely by way of inducement, and was not relied on as the proper measure of damages.

Error from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*T. H. Stone* and *E. P. Phelps,* for plaintiff in error.

*Hutcheson, Campbell & Hutcheson,* for defendant in error.—The petition of plaintiff was founded upon both the improper construction of Washington Street, and thereby the improper accumulation and diversion of water in front of and over plaintiff's property, and the insufficient provision to take the same off after accumulating it; and also for failure to repair its structures after they were destroyed by such fault in the original construction, and after due notice in writing was had. The general demurrer of the defendant thereto was wholly without merit, and was correctly overruled. The petition stated a perfectly good cause of action. City of Houston v. Bryan, 2 Texas Civ. App., 556; Gross v. Lampasas, 74 Texas, 195; Gembler v. Esterhoff, 57 S. W. Rep., 314; Trinity v. Scofield, 72 Texas, 499; Railway Co. v. Halsey, 62 Texas, 596; Railway Co. v. Smith, 63 Texas, 346; Railway Co. v. Wear, 67 Texas, 637; Sabine Ry. Co. v. Joachim, 58 Texas, 456; Same v. Busard, 69 Texas, 617; Corning v. Stevenson, 76 Texas, 643; Fort Worth & N. Co. v. Wallace, 74 Texas, 581, 62 S. W. Rep., 134, 65 S.

W. Rep., 650; Dillon, Mun. Corp., 1051; 2 Dillon, Mun. Corp. (2d ed.), 797, 800; McArthur v. City of Dayton, 2 S. W. Rep., 343; Aurora v. Reed, 57 Ill., 33; 24 Am. & Eng. Ency. of Law, p. 946, citing a large number of cases, especially Bartin v. City of Syracuse, 36 N. Y., 54; Newland v. City of Albany, 79 N. Y., 470; Boston Rolling Mill v. Cambridge, 117 Mass., 400; Sarafina v. Galveston, H. & S. A. Ry., 42 S. W. Rep., 143.

GILL, ASSOCIATE JUSTICE.—J. C. Hutcheson brought this suit against the City of Houston to recover for damages to certain property of his, alleged to be due to the acts of the city in diverting surface water along the street in front of his property, and failing to provide sufficient means for carrying it off. A trial by jury resulted in a judgment for plaintiff for $2,690, and defendant prosecutes this writ of error.

Defendant undertakes to present forty-five assignments of error. We will notice those only which are presented in such form as to require our consideration.

A general demurrer was urged by defendant, and the refusal of the court to sustain it is here assailed. For cause of action plaintiff alleged, in substance, that he was the owner of three houses in the city of Houston, located on lots fronting on Washington Street near Third Street, that this property was situated near the bayou, and plaintiff had, at great expense, filled in the property, and supported it on the street side with a substantial revetment. That, in the latter part of the year 1898, defendant paved Washington Street, and constructed a curb along its side, and made the grade of the street so that it would conduct the water from Fifth Street along plaintiff's property. That in doing this the city constructed manholes and outlets wholly insufficient to safely carry off the water during such rainfalls as might have been expected. That, as a consequence, the surface water thus diverted thereafter flowed over and undermined the curbing, flowed across plaintiff's property, cut away the fill and embankment, damaged the foundations of his houses, and filled the basement with mud and water. That, in an effort to repair the damage and protect the property, he had expended certain sums in repairing the embankments, but these were also washed away by succeeding rains, and the property, though theretofore bringing him a good income from rentals, was rendered partially untenantable, and will continue so while the conditions complained of continue to exist.

The overflows are alleged to have occurred on September 15, 1901, October 7, 1901, and at intervals thereafter. That on December 7, 1901, the city council was notified by letter of the conditions complained of, but took no action in the matter. That the conditions complained of will continue to damage plaintiff up to the time of the trial, and, for such additional damage, he also prays. The sums expended for repairs are set out in detail, the loss of rents alleged, and recovery asked therefor. We are of opinion the petition is good as against the general demurrer. If the improvements, as made, caused the natural flow of the surface water to be diverted, and caused to flow over plaintiff's property to his damage, the liability arose. In City of Houston v. Bryan (2 Texas Civ. App., 566), Justice Williams said: "But, when it (the city) collected water from other territory and concentrated it at this ditch,

it was bound to provide sufficient outlet for it, so that it would not be forced upon plaintiff's land in larger quantities than would have flowed over it without such act."

It is well settled that the charter which protects the city from liability for negligent failure to repair, except for such damages as may accrue after ten days' written notice, is no bar to claims for injury due to an affirmative act of the city authorities such as the one alleged.

Plaintiff, in describing the property alleged to have been damaged, set out the cost of the embankment, revetment, etc., and the allegation was assailed by special exception. It seems to have been averred as mere matter of inducement, and was not relied on as the proper measure of damage. There was no error in overruling the exception.

A special exception was urged to the part of the petition which set out the letter or written notice to the city council of the conditions complained of, the objection being that the date is not alleged, and that it is inconsistent with the prior allegation. The date of the letter or notice is alleged. That it was inconsistent with the phase of the cause of action predicated on the act of the city in diverting the water, in the first instance, can not affect the validity of the allegation. The notice was designed to advise defendant of the fact that the curbing had sunk, and the improvement was out of repair, and the pleader might properly rely on both phases of his case.

The facts are as follows: Plaintiff was the owner of three houses, described in his petition, situated on the land as therein described. In 1898 the city authorities paved and graded Washington Street, and so constructed its sewers as to divert from its natural flow the surface waters falling on Fourth and other streets, and conduct them down the side of Washington Street next to plaintiff's property. The evidence is ample to show that the outlets provided by the city for this increased flow of water were wholly insufficient for the purpose, and the inevitable result of the work was to throw the water across plaintiff's property in ordinary rainfalls. It is also shown that, after the written notice, the city failed to repair. By reason of the acts complained of, plaintiff was damaged in the amount of the verdict.

The other assignments are not presented in such form as to require our consideration. The judgment is affirmed.

*Affirmed.*