CANE BELT RAILROAD COMPANY v. J. L. RIDGEWAY.

Decided January 26, 1905.

**1.—Railway in Street—Injury to Adjoining Property—Vendor and Vendee—Estoppel.**

Where a land company, granting to defendant a right of way in a street, also owned the property adjoining, and subsequently sold it to plaintiff with a stipulation in the deed that, "By accepting this conveyance the said James L. Ridgeway hereby agrees that the Cane Belt Railroad Company may use said avenue J for a right of way," such company having assumed authority to grant the right of way, and having, for a valuable consideration, done so, was estopped to recover for injury to the adjoining property caused by the proper and legitimate use of the street for the purposes stated in the grant, irrespective of whether the street had ever been dedicated and accepted for public use or not, and its vendee, plaintiff, who purchased with notice of defendant's rights under the contract, was likewise estopped.

**2.—Same—Temporary Injury to Property—Nuisance—Measure of Damages.**

But for the negligent construction and maintenance, for a time, of a ditch in the street, whereby a nuisance was created, due to water standing and stagnating in front of the property, plaintiff could recover, the measure of damages being the depreciation in the rental value of the property during the continuance of the nuisance.

**3.—Nuisance—Temporary Damage—Measure of Damages—Evidence.**

Where the injury to property is merely temporary, affecting its rental value during the continuance of a nuisance, evidence of the difference in market value before and after the creation of the nuisance was improper.

Appeal from the District Court of Matagorda. Tried below before Hon. Wells Thompson.

*J. Lane* and *E. F. Higgins*, for appellant.—1. Appellee having acquired title to his lots with full knowledge of appellant's rights to use and occupy Avenue J as a right of way, and subject to its right to so use and occupy the same by a clause to that effect inserted in his deed, was barred and estopped from recovering for any depreciation in value arising out of such use and occupancy alone. Railway Co. v. Adams, 58 Texas, 482; Railway Co. v. Pape, 62 Texas, 313; Railway Co. v. Richards, 32 S. W. Rep., 96; Railway Co. v. Longorio, 25 S. W. Rep., 1020; Railway Co. v. Rowland, 70 Texas, 302; Pierce on Railroads, 174; Mills on Em. Domain, par. 216; Lewis on Em. Domain, par. 567; Dearborn v. Boston, etc., Ry. Co., 24 N. H., 179, 186.

That an abutter who consents to the occupation is estopped, see Merchants, etc., v. Chicago, etc., Ry. Co., 79 Ia. 614, 44 N. W. Rep., 900; White v. Manhattan Ry. Co., 139 N. Y., 13, 34 N. E. Rep., 887, and 8 Am. R. R. & Corp. Rep., 739; Herzogg v. N. Y. El. Ry. Co., 76 Hun, 486, 27 N. Y. Supp., 1034.

That Ridgeway would be estopped irrespective of the clause in his deed by reason of the estoppel of his grantor Swickhimer, see Stacy v. Henke & Pillot, 74 S. W. Rep., 925; Haskell v. New Bedford, 108 Mass., 208; Conabur v. N. Y. Central Ry. Co., 84 Hun, 34, 32 N. Y. Sup., 6.

2. A railway company is not required to prevent water from standing in ditch along its right of way. Dobbins v. Railway Co., 91 Texas, 60.

3. The pleadings of plaintiff treating the damages complained of as of a permanent nature and the testimony conclusively showing that the only damage, if any, which plaintiff was entitled to recover was all of a temporary nature, and there being no testimony by which the jury could estimate the amount of such temporary damage, defendant was entitled to a judgment. City of San Antonio v. Mackey's Est., 54 S. W. Rep., 33; City of San Antonio v. Mackey, 36 S. W. Rep., 760; Baugh v. Railway Co., 80 Texas, 56; Railway Co. v. Limberger, 88 Texas, 87; Rosenthal v. Railway Co., 79 Texas, 325.

4. The facts upon this issue showing conclusively that the damages were temporary the jury should have been so instructed. City of San Antonio v. Mackey's Estate, 54 S. W. Rep., 33; City of San Antonio v. Mackey, 36 S. W. Rep., 760; Baugh v. Railway Co., 80 Texas, 56; Railway Co. v. Limberger, 88 Texas, 87.

*W. S. Holman* and *T. H. Ridgeway,* for appellee.—1. Avenue "J" having been dedicated as a public street prior to the acquisition of the pretended rights by appellant to use same as a right of way and prior to the acquisition of said lots by appellee, the title to said avenue, by said dedication, passed into the public and beyond the control of the Bay City Town Company and D. Swickhimer and no right to use said Avenue "J" as a right of way passed to appellant by said contract with said parties and the clause in appellee's deed was void and did not inure to the benefit of appellant. City of Corsicana v. Zorn, 9 Texas Ct. Rep., 298, 983, and cases cited; City of Corsicana v. Anderson, 9 Texas Ct. Rep., 65, and cases cited. Heitz v. St. Louis, 110 Mo., 681, 19 S. W. Rep., 735; Meir v. Cable Co., 19 Pac. Rep., 610.

As to subsequent purchasers suing for damages to land occurring to land prior to their purchase, see Galveston, H. & S. A. Ry. Co. v. Pfeuffer, 56 Texas, 73; Railway v. Hunnicut, 18 Texas Civ. App., 313; Hays v. Railway, 62 Texas, 400.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action to recover damages brought by appellee against appellant. Plaintiff's amended petition, upon which the cause was tried in the court below, alleges that plaintiff is now and has been since April 20, 1901, the owner of lots numbers seven (7) to twelve (12) in block one hundred and twenty-seven (127) in the town of Bay City, said lots fronting three hundred (300) feet on Avenue J in said town. That the property is used as his homestead and he has valuable improvements thereon; that Avenue J for a long time prior to April 20, 1901, was a public street in the town of Bay City, and that by reason of his ownership of the aforesaid lots abutting thereon, he had an easement in Avenue J and the right to the free use thereof; that during the month of June, 1902, appellant constructed its railroad through the town of Bay City, using Avenue J as a right of way, and ever since that date it has continued to so use the same, operating daily its trains and locomotives thereon, in front of his property making great noises in front of and in the vicinity of his property and emitting large quantities of smoke and cinders thereon, and further alleging that during the month of June or July, 1902, appellant constructed a ditch along its track in front of his said property which

prevented ingress and egress to and from the same with vehicles, carried away dirt which it removed therefrom and converted it to its own use and benefit, and by the digging of said ditch diverted large quantities of water down said ditch which accumulated north and west of the town of Bay City, and which came from rice fields north and west of said town, which water coming from the rice fields was filthy and impure and stood in pools in said ditch in front of plaintiff's property, and stagnated and polluted the air, rendering the property unhealthy and lessening its value.

It is further alleged that the proper and legitimate use of Avenue J by the defendant as a right of way did not require the digging of said ditch and that the digging of same had diverted the natural flow of the water and caused it to accumulate in front of plaintiff's property; that by reason of said wrongful acts of defendant said property had been damaged and lessened in value and plaintiff had been interrupted and molested in his use and occupation thereof to his damage in the sum of $1,500.

In bar of plaintiff's action the defendant pleaded general demurrer, special exceptions to plaintiff's petition, general denial, and by special plea averred that Avenue J was not a public street, and if any offer to dedicate the same as a public street had ever been made by the legal owners thereof, that prior to its acceptance as a public street by the public, or anyone having the right and authority to accept the dedication the said owners revoked the offer of dedication and that by virtue of a contract set out in full in defendant's answer this defendant became the legal and equitable owner of the tract of land designated as Avenue J, was now the owner of it and that it acquired its rights therein long prior to the purchase by appellee of the premises described in his petition. Defendant also interposed the further special plea that the deed by which plaintiff acquired title to said premises contained the following clause, viz: "By accepting this conveyance the said James L. Ridgeway hereby agrees that the Cane Belt Railroad Company may use said Avenue J for a right of way." That appellee acquired title to his lots from D. Swickhimer, the same party from whom appellant acquired its right and title to Avenue J and that it had been appropriated by defendant as a right of way at the time appellee acquired title to his said lots, and that when he did so he had full knowledge of appellant's rights in and to said Avenue J, and that by the acceptance of said conveyance with said provision therein contained, the appellee became barred and was estopped from setting up the demands made by him.

By supplemental petition appellee set up that long prior to the construction of the Cane Belt Railroad through the town of Bay City the owners of the soil had dedicated said avenue to the public by making a map or plat of the town with said avenue designated thereon placing the said map of record, selling lots with reference to said map and that prior to the construction of said railroad to said town, the said avenue had been traveled and used by the public generally as a public street, and that the right of easement in said avenue as a public street had become vested in the public in general, the inhabitants of the town of Bay City, in abutting property owners on said avenue, and in future purchasers of property in said town and upon said avenue. To this defendant filed a

replication denying the allegations contained in said supplemental petition.

A trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $150.

Plaintiff is the owner of the lots described in his petition and has used and occupied them as a homestead for several years. The lots are situate on a street known as Avenue J in the town of Bay City and the defendant railway company has constructed and is maintaining and operating a railroad along said street adjacent to plaintiff's home.

In November, 1899, the Bay City Town Company executed a written contract by which defendant was granted the right to use Avenue J as a right of way for its railroad. At the time this contract was executed said company owned the property now owned and occupied by plaintiff, but the legal title thereto was in D. Swickhimer, who held it in trust for the benefit of the company. Plaintiff purchased the property from the Bay City Town Company in March, 1901. The deed by which he obtained title contains the following: "By accepting this conveyance the said James L. Ridgeway hereby agrees that the Cane Belt Railroad Company may use said Avenue J for a right of way." The railroad was constructed along Avenue J in June, 1901. The ditch of which plaintiff complains was dug in 1902. There is testimony in the record to the effect that the digging of the ditch was not necessary to the proper use by the defendant of its right of way along said avenue, and that plaintiff has been damaged in the use and possession of his property by the wrongful and negligent construction of said ditch by defendant. There is also evidence showing that since the filing of this suit defendant has filled in and reduced the size of the ditch and that as it is now maintained it causes plaintiff no damage.

These facts show that the appellee has no cause of action against appellant for any damages that may have been caused his property by the construction and operation of appellant's road along Avenue J.

The question as to whether Avenue J was a public street at the time appellant was granted the right to its use by the Bay City Town Company is immaterial. The town company at that time owned the property now owned by plaintiff, for injury to which damages are sought to be recovered in this suit, and whether it had the right to grant the use of the avenue or not it assumed such authority and for a valuable consideration executed a contract granting appellant a right of way over said avenue. Having thus contracted with appellant it could not as the owner of property adjoining the avenue recover damages for injury to said property caused by appellant's legitimate and proper use of the street for the purposes stated in the grant. (Houston & E. T. Ry. Co. v. Adams, 58 Texas, 482.) The town company having no right to recover damages for such injury to the property its vendee would acquire none unless he bought without notice of appellant's rights under its contract. As shown in the above statement of the facts the deed by which appellee obtained title to the land recites that appellant had the right to use the avenue for a right of way and expressly subjects the title conveyed by said deed to such use.

Appellee, under the facts shown by the record, could only recover the damages he has sustained by reason of the alleged negligent construction

and maintenance by appellant of the ditch complained of in the petition. If this ditch was constructed and maintained as claimed by appellee it was a nuisance for which the appellant is answerable in damages. The evidence shows that the injury to appellee's property caused by the ditch was temporary. Such being the character of the injury the proper measure of damage therefor was the depreciation in the rental value of the property during the time the nuisance existed. (City of San Antonio v. Mackey's Estate, 22 Texas Civ. App., 145, 54 S. W. Rep., 33; Baugh v. Railway Company, 80 Texas, 56; San Antonio, R. T. Ry. Co. v. Limburger, 88 Texas, 87.)

From the rules of law above announced it follows that appellee should not have been permitted to prove the difference in the market value of his property before and after the construction of appellant's road along Avenue J, and the assignment of error complaining of the ruling of the trial court in admitting such evidence must be sustained.

The court instructed the jury that the defendant had the right to use Avenue J as a right of way and that plaintiff could not recover for injury to his property caused by such use in a proper manner. This charge being unquestionably a correct application of the law to the facts in evidence we can not understand upon what theory the evidence as to the depreciation in the value of the property caused by the construction of the road was admitted.

If there was any evidence to sustain a finding that the injury to appellee's property caused by the digging of the ditch was of a permanent character the difference in the market value of the property before and after the construction of the ditch, which was dug a year or more after the road was built, and not such value before and after the construction of the road would be the proper measure of damages.

As before stated, we do not think the evidence raises the issue of permanent damage to appellee by the construction of the ditch and that issue ought not to have been submitted to the jury.

We do not deem it necessary to consider the assignments of error in detail, the above statement of the general rules of law applicable to the case made by the evidence sufficiently indicates which of the remaining assignments should be sustained.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded,*