### CITY OF HOUSTON v. RICHARDSON & SOUTHERLAND.

Decided February 27, 1906.

**1.—Drainage of Streets—Liability of City.**

Where the petition alleged that the city in paving its streets diverted surface water from its former and natural course, and caused it to flow and stand upon a lot upon which a brick building was being erected whereby one of the walls was destroyed, a general demurrer to such petition was properly overruled. An express allegation of negligence was not necessary. It was the duty of the city to provide adequate outlet or escape for the water thus collected. It was not a question of ordinary care to provide such outlet, but the duty and obligation was absolute.

**2.—Assignment of Error and Statement Thereunder.**

An assignment of error and statement under the same should show the materiality of excluded testimony, and make the error of the court in excluding the same apparent.

**3.—Same—Refusal of Special Charge.**

An assignment of error based upon the refusal of the court to give a special charge in the form in which it was requested will not support a proposition that the requested charge was sufficient to call the court's attention to the point and to require a correct charge. Appellant must stand or fall upon the proposition that the charge should have been given in the terms asked.

**4.—Defective Construction of Wall—Not Contributory Negligence.**

The plaintiff could not be required to anticipate the negligence of the defendant, or to presume that the defendant would fail to perform its duty, and to act accordingly in the construction of his wall.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*T. H. Stone* and *W. J. Howard,* for appellant.—That portion of the charge referred to in third assignment of error was as follows:

"You will understand that the city was not obliged by law to provide means to prevent surface water which naturally would have flowed over against plaintiff's wall from passing over it, but if the city by any act concentrated surface water, or diverted it from its natural channel or course of flow, and caused it to flow towards and against plaintiffs' wall in larger quantities than it naturally would have done but for such acts

of the city, the city was bound to provide sufficient outlet for such water, so that it would not be forced against plaintiffs' wall in larger quantities than it would have done had not the city so collected and concentrated or diverted such water, and if it failed to provide such outlet under such circumstances, and plaintiffs' property was damaged as a direct and proximate consequence of such failure, you will find for plaintiffs."

The court erred in that portion of its charge set forth in the fifth assignment of error as follows:

"Whether the city did or did not concentrate surface water or divert it from its natural channel, and failed to provide a sufficient outlet for it, so that it was forced against plaintiffs' property in greater quantities than it would otherwise have been, is for you to say from all the evidence, and if you find that the overflow against plaintiffs' wall, if any, was not caused by any direct act or omission on the part of the defendant, or if you find that the overflow against plaintiffs' wall would have been as great without the acts of the defendant, which are complained of, then you will find for defendant."

The court erred in giving to the jury that portion of its main charge referred to in the eighth assignment of error, as follows:

"If you find that by reason of any act of the defendant, complained of in this case, in the territory adjacent to plaintiffs' property, the overflow against plaintiffs' property was greater than it naturally would have been but for said acts, if you find there was such, and that by such increased flow of water plaintiffs' property suffered damage, for all damages resulting from such acts the defendant is responsible to plaintiffs."

*Hutcheson, Campbell & Hutcheson,* for appellees, cited: Gross v. City of Lampasas, 74 Texas, 202; Gembler v. Echterhoff, 57 S. W. Rep., 313; East Line, etc., R. R. Co. v. Rushing, 69 Texas, 315; Bray v. Latham, 81 Ga., 640.

REESE, ASSOCIATE JUSTICE.—Richardson & Southerland sued the city of Houston in the County Court to recover damages in the sum of $450 alleged to have been sustained by reason of the destruction of the wall of a house which they were erecting for J. C. Hutcheson on his lot at the intersection of Washington and Third Streets in the city of Houston, and recovered judgment through the verdict of a jury for $300 from which the defendant appeals.

It is alleged in the petition, in substance, that appellant had constructed a pavement along Washington Street with a curbing along the street, the effect of which was to collect the surface water coming down from Fourth Street and above, which, before the construction of the pavement in question, had been conducted into the bayou, and carried the same in large volumes to Third Street where no adequate means were provided for its escape into the bayou, the effect of which was to gather at that point a large volume of water which was precipitated upon the lot of J. C. Hutcheson at the intersection of Washington and Third Streets. That prior to the construction of said pavement all of the water coming along Washington Street from Fourth Street and above had an outlet into the bayou at Fourth Street where a drain

was constructed, which drain with the natural grade of the ground at that point carried all of the water from the east side of Fourth Street and above up Washington Street into the bayou, and none of it passed in front of the lot on which the building in question is situated. That, in constructing the pavement, appellant destroyed the drain at Fourth Street, placed a casing or retaining wall on the side of Washington Street and gathered and carried all of the water from Sixth Street and below down to Third Street, where for want of adequate provision for its outlet it was discharged upon and over the property referred to. That plaintiffs, under contract with J. C. Hutcheson, on or about December 29, 1903, began the construction on said property at the corner of Washington and Third Streets of a brick wall 32 feet long and 11 feet high and 2 feet thick, which was the east wall of a building being constructed by plaintiffs at said point; that on March 18, 1904, there came an ordinary rain, the effect of which was, owing to the circumstances above stated, that the wall was torn from its base and destroyed as a wall to said building; that plaintiff had to tear down the wall at an expense of $75 and put back in the wall 15,000 brick at an expense of $255 and the additional sum of $25, their profit thereon. In addition plaintiffs were put to an expense of $45 in clearing out the debris and deposit, and $35 in refilling the bulkhead between the building and the bayou, the total damage being alleged to be $450.

It was alleged that appellant had full knowledge of the defective condition referred to and the consequences thereof in case of rain; that it had full notice of the intention of said Hutcheson to erect the building, as above stated, and made no effort to correct the defective condition.

Appellant answered by general demurrer, general denial and pleaded contributory negligence on the part of appellees in the following particulars:

First. That they obstructed the water by piling lumber, bricks, etc., in the street.

Second. That the mortar used in building the wall was not sufficient to hold the bricks together.

Third. That the wall was not properly constructed, in that appellees did not properly tamp the same when back-filled and did not take the necessary precautions to brace the same.

Fourth. That the wall was made of soft or "made" ground without a proper foundation.

The action of the court in overruling the general demurrer to the petition is assigned as error, the ground being that it is not alleged that the city was guilty of negligence in the manner of providing adequate escape for the water at the point of intersection of Washington and Third Streets.

The assignment is not well taken. If the city, in the manner stated in the petition, so constructed the paving of Washington Street as to collect and concentrate at the point indicated a volume of water, in case of rain, which would otherwise have found an outlet into the bayou without injury to the property, the duty was thereby cast upon the city to provide adequate outlet or means of escape for the water thus collected. It is not a question of ordinary care to provide such outlet,

but the duty and obligation is absolute. (City of Houston v. Hutcheson, 81 S. W. Rep., 86; City of Houston v. Bryan, 2 Texas Civ. App., 557, 22 S. W. Rep., 231.)

Appellant assigns as error the action of the court ·in refusing to admit the testimony of O. H. P. Rudesill to the effect that the excavation adjoining the street and between the street and the wall had not been back-filled or properly tamped. The statement under the assignment is that "the defendant sought to prove by the witness Rudesill that the excavation adjoining the street and between the street and the wall alleged to have been damaged had never been properly filled nor properly tamped."

It is not shown that this failure to properly back-fill and tamp had any effect in contributing ·to the injury to the wall. That part of this witness's testimony which would have tended probably to show this, was excluded upon objection of appellees, but this is not referred to in the assignment of error nor in the statement. We can not say that the testimony set out in the assignment and statement was material, or that the court committed error in excluding it.

That portion of the court's charge referred to in the third assignment of error is not subject to the objection that it is upon the weight of evidence, or that it assumes that the city collected the water on the streets adjacent to the property and diverted the same against the wall. The charge seems to us unobjectionable in any particular.

It was not error to charge the jury that if the city by reason of the work done by it on Washington Street diverted the water that would have otherwise passed away elsewhere and collected and conducted it down Washington Street to Third Street in greater quantities than it would otherwise flowed, and did not provide sufficient outlet for it, or permitted such ·outlet to become and remain insufficient to carry off such increased flow of water, to appellees damage, it would be liable. It was not a question of the exercise of ordinary care, but the obligation upon the city was as great not to permit such outlet to become and remain insufficient as it was to provide such outlet or means of escape in the first instance. The charge objected to is substantially the same as a charge approved by this court in a similar case in City of Houston v. Bryan, *supra.* There can be no question that the city had full notice of the condition of this street in the particulars complained of. This was not an issuable fact under the evidence. It not only appears conclusively that the city had full knowledge of the defects complained of, but had made no effort, although of long standing, ·to remedy them.

That portion of the court's charge objected to in the fifth assignment can not fairly be said to be upon the weight of the evidence or to assume any controverted fact. The assignment can not be sustained.

The charge requested by appellant and refused, as set out in the sixth assignment, could not have been properly given in the form asked. The charge instructs the jury that if they find that plaintiffs failed to take such steps and precautions to properly brace and back-fill or otherwise protect said wall as an ordinarily careful and prudent person would have done under the same or similar circumstances, they would find for the defendant. The charge is objectionable in that it ignores any causal relation, or lack thereof, between such failure on the part of appellees

and the injury, as would be necessary in any case to render appellees liable for the consequences of such failure and exempt appellant. In this respect the charge is defective, if it otherwise announces a sound proposition, and the court did not err in refusing to give it as asked. It is not assigned as error, nor pointed out in the brief, that the requested charge was sufficient to call the court's attention to the point and to require a correct charge. Appellant must stand or fall upon the proposition that the charge should have been given in the terms asked. (El Paso Elec. Ry. Co. v. Harry, 83 S. W. Rep., 737.)

There was no evidence tending to show that the excavation along the edge of the street adjoining the wall dug by appellees, or their negligence, if they were negligent, in failing to fill it up, caused the banks of same to cave in against the wall in such a way as to cause the damage complained of, or that the damage or injury was caused otherwise by the water being diverted into such excavation, and it was not error to refuse the charge on this point requested by appellant. Appellant refers only to the testimony of W. J. Platt in support of this assignment, with the statement that the witness testified "to the excavation between the wall and the street." There was no error, under this state of the evidence, in refusing to give the instruction requested.

That portion of the court's charge objected to in the eighth assignment does not appear to us to be upon the weight of the evidence or to assume any controverted fact. It is not objectionable in this or in any other respect.

It does not seem to us that the testimony of the witness Rudesill, offered by appellant and excluded upon objection of appellees, to the effect that the wall had not been properly constructed and the proper quantity of cement had not been used, and that the injury to the wall was occasioned thereby, was material. If it could be said that appellees owed to appellant the duty to so construct the wall in workmanship and material as that it would be able to withstand the effects of the water precipitated upon it through the acts or omissions of appellant, in violation or disregard of its duty and obligation, the effect of such a principle would be to relieve appellant of all liability for the consequences of its own dereliction of duty. We do not think this is a sound proposition. The city, having notice that a large volume of water was liable to be precipitated upon the lot, as the effect of a rainfall, and as a consequence of its own fault, can not be allowed to say to appellees, and others in similar cases, that they must construct the wall, building, or other improvements, of such materials and in such manner as that the inflow of water will be harmless.

The evidence shows that this wall had been standing for 30 days. There was no evidence to show that its destruction in the manner complained of was more than a threatened danger of possible occurrence in case of a heavy rainfall. While the evidence indicates that it was reasonably to be apprehended that in case of a heavy rainfall water would overflow the lot, there was nothing that would indicate that it was to be apprehended that a wall constructed as this one was constructed, even in the light of the excluded testimony, would be moved from its foundations and destroyed as a wall in the manner in which it was.

It is sufficient answer to appellant's ninth assignment of error that facts testified to by Richardson, over appellant's objection, that after the injury to the wall the city had repaired the sewer, were substantially proven, without objection, by Southerland, Dormant and Gillespie.

The tenth assignment of error is without merit.

The verdict and judgment are fully supported by the evidence. We find no error requiring a reversal of the judgment and it is therefore affirmed.

*Affirmed.*