## CITY OF WICHITA FALLS v. SULLIVAN et ux. (No. 2339.)

Court of Civil Appeals of Texas. El Paso. Dec. 12, 1929.

Rehearing Denied Jan. 9, 1930.

Thelbert Martin, City Atty., of Wichita Falls, for appellant.

W. J. Townsend, of Lufkin, for appellees.

HIGGINS, J. Appellees owned a block of land in the city of Wichita Falls upon which they had several houses, in one of which they lived, and rented the others. At the time they acquired the property, the streets in that section were ungraded.

About January, 1927, the city graded the streets in that section. No culverts or drainpipes were placed at the street intersections surrounding appellees' property.

In consequence of the grading and failure to place culverts or drainpipes at the street intersections, the natural flow of the water was obstructed, the water concentrated and caused to back and stand on appellees' land after rains.

Appellees brought this suit against the city of Wichita Falls to recover damages alleged to have been sustained by the facts stated.

All issues raised by the pleadings and evidence were found by the jury in plaintiffs' favor.

Upon the findings, judgment was rendered in plaintiffs' favor for $1,050; being $700 for depreciation in the value of the property, $250 for loss of rentals, and $100 for "discomfiture" "by reason of inhaling obnoxious odors" "by reason of said premises being overflowed."

Those assignments and propositions are overruled which assert the city is not liable in damages upon the facts shown. The authorities in this state are to the contrary.

In City of Houston v. Bryan, 2 Tex. Civ. App. 553, 22 S. W. 231, Judge Williams, upon a very similar state of facts, said: "The rule of law applicable in such cases is thus stated by Judge Dillon: 'There will be liability [of a municipal corporation] if the direct effect of the work, particularly if it be a sewer or drain, is to collect an increased body of water, and to precipitate it on the adjoining private property, to its injury.' And further: 'There is municipal liability where the property of private persons is flooded, either directly or by water being set back, when this is the result of the negligent execution of the plan adopted for the construction of gutters, drains, culverts, or sewers, or of the negligent failure to keep the same in repair and free from obstruction; and this, whether the lots are below the grade of the streets or not.' Dill. Mun. Corp. 1051."

See, also, City of Houston v. Richardson & Southerland, 42 Tex. Civ. App. 147, 94 S. W. 454; City of Houston v. Hutcheson (Tex. Civ. App.) 81 S. W. 86; City of Dallas v. Schultz (Tex. Civ. App.) 27 S. W. 292.

■ However, it was error to render judgment for all the items stated above. The appellant's street superintendent testified the reason drainpipes or culverts had not been put in was because funds were not available. The evidence shows no permanent injury to the land. The obstructions causing the overflows are temporary in nature and easily remedied. The injuries complained of and consequent damages are occasional, and the proper measure of damages is not the depreciation in the market value of the land (Gulf, B. & G. N. R. Co. v. Roberts [Tex. Civ. App.] 86 S. W. 1052; Baugh v. Ry., 80 Tex. 56, 15 S. W. 587; San Antonio Rapid Transit St. Ry. Co. v. Limburger, 88 Tex. 79, 30 S. W. 533, 53 Am. St. Rep. 730), but the depreciation in the rental value of the property (20 R. C. L. 470; Cane Belt R. Co. v. Ridgeway, 38 Tex. Civ. App. 108, 85 S. W. 496).

■ The discomfort incident to the obnoxious odors was evidentiary upon the issue as to the depreciation in the rental value (20

R. C. L. 470), but was not recoverable as an independent item of damages.

■ From what has been said, it follows the only recoverable item of damages is the $250 award for depreciation in the rental value of the property. The various assignments directed against this item have been considered, and are regarded as presenting no reversible error. Accordingly, the judgment of the lower court will be reversed and here rendered in the plaintiffs' favor for $250.

The judgment of the lower court directed the issuance of execution against the city. This was improper. Charter of the City of Wichita Falls, § 138. This will be omitted from the judgment here rendered.

Reversed and rendered.