## CITY OF WICHITA FALLS v. SULLIVAN et ux.

### No. 1266—5670.

Commission of Appeals of Texas, Section B. June 10, 1931.

Thelbert Martin, of Wichita Falls, for plaintiff in error.

W. J. Townsend, of Lufkin, for defendants in error.

SHORT, P. J.

The defendants in error, who are husband and wife and the owners of a block of land in the city of Wichita Falls, upon which they had several houses, in one of which they lived, the others being rented, recovered a judgment against the plaintiff in error in the sum of $1,050 in the district court as damage to their property from surface flood waters caused to be thrown thereon by the alleged negligent acts of the plaintiff in error in grading certain streets in the vicinity of the property damaged. From this judgment the plaintiff in error carried the case to the Court of Civil Appeals at El Paso, where the judgment of the district court was reversed and judgment rendered in favor of the defendants

in error for $250, being the amount of depreciation in the rental value of the property. 22 S.W.(2d) 982.. The writ of error was granted upon the conflicts alleged.

The Court of Civil Appeals in its opinion, after stating that the property was acquired by the defendants in error before the streets were graded in that section of the city, makes this statement of the facts and the result of the suit:

"About January, 1927, the city graded the streets in that section. No culverts or drainpipes were placed at the street intersections surrounding appellees' property.

"In consequence of the grading and failure to place culverts or drainpipes at the street intersections, the natural flow of the water was obstructed, the water concentrated and caused to back and stand on appellees' land after rains.

"Appellees brought this suit against the city of Wichita Falls to recover damages alleged to have been sustained by the facts stated.

"All issues raised by the pleadings and evidence were found by the jury in plaintiffs' favor.

"Upon the findings, judgment was rendered in plaintiffs' favor for $1,050; being $700 for depreciation in the value of the property, $250 for loss of rentals, and $100 for 'discomfiture' 'by reason of inhaling obnoxious odors' 'by reason of said premises being overflowed.'"

The plaintiff in error, in its several assignments of error, presents substantially the same legal question in this case which it presented in the case of City of Wichita Falls v. W. M. Maudlin and wife, 39 S.W.(2d) 8b9. The substance of these assignments is that plaintiff in error, in grading the streets in question, was doing so for the benefit of the public in general, and was acting in a governmental capacity and exercising a governmental function, and was in no way legally liable to the defendants in error for the alleged damages, or any of them.

We have discussed this question sufficiently in the Maudlin Case, reaching the conclusion that none of these assignments should be sustained. We refer to the opinion in the last-named case for our views on this question. The other assignments of error are, in our opinion, without merit, and all of them should be overruled.

We recommend that the opinion of the Court of Civil Appeals, reversing the judgment of the district court and rendering a judgment for $250, in favor of defendants in error, be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.