## PARSONS et al. v. CITY OF ATHENS et al.
### No. 3130.

Court of Civil Appeals of Texas. El Paso.
Jan. 31, 1935.

Bishop & Holland, of Athens, for appellant Parsons and another.

R. T. Bailey, of Dallas, for appellant Lacy Co.

R. H. Sigler, of Athens, for appellee City of Athens.

HIGGINS, Justice.

H. L. and Homer Lee Parsons, hereinafter called plaintiffs, own a parcel of land south of and abutting Corsicana street in the corporate limits of the city of Athens. About January, 1933, State Highway No. 40 was constructed along said street running in a general easterly and westerly direction. The parcel of land has a dwelling house upon it. Along the east line of plaintiffs' land is a depression called a "branch," through which surface water drains to the north across the street and highway.

The plaintiffs brought this suit against the city of Athens and L. H. Lacy Company, a corporation, alleging that in January, 1933, the defendants constructed an embankment on and along Corsicana street and on said land along its north boundary line, thereby impounding surface water causing it to remain on the land, by reason of which they sought to recover as damages the difference in the market value of the property before and after the construction of the embankment.

The highway at that point was constructed by the Lacy Company under a contract with the State Highway Commission according to plans and specifications prescribed by the commission.

The jury found:

1. L. H. Lacy Company constructed an embankment on plaintiffs' lot in such manner as to impound water thereon.

2. Plaintiffs were damaged by the building of said embankment and impounding of water on the lot.

3. The reasonable cash market value of plaintiffs' lot and premises just prior to the construction of the embankment on the lot and impounding water thereon was $4,000.

4. The reasonable cash market value of the lot and premises after the construction of said embankment and impounding of water on the lot was $2,500.

In response to defendants' special issue No. 1, it was found that the construction work inquired about in question No. 1 was not done by L. H. Lacy Company in fulfilling its contract with the Highway Department of

the State of Texas for the construction of State Highway No. 40.

Upon such findings judgment was rendered in favor of plaintiffs against the Lacy Company for $1,500. Recovery against the city of Athens was denied.

Lacy Company appeals. The plaintiffs also appeal complaining of the judgment in favor of the city. The appeal of the Lacy Company will be first considered.

The evidence shows that the upper surface of the pavement in front of plaintiffs' property is lower than the grade of the street as it existed before the highway was built. The highway itself obstructs the flow of water less than it was obstructed by the street before the highway was constructed. The grading of the highway was done by J. S. Moore & Sons, and it was shown that in so doing they dumped dirt upon plaintiffs' property along its north line forming a slight embankment. It is this embankment which impounds and holds water upon the plaintiffs' premises.

◼ The evidence shows that about 100 yards of dirt was so placed upon plaintiffs' land. It is obvious it could be easily removed at small expense from the premises, and so far as drainage is concerned the property would be restored to the condition in which it was before the dirt was placed upon the land. The plaintiffs themselves may readily and at little expense abate the nuisance of which they complain. Under such circumstances the proper measure of damages is not the depreciation in the value of the property. The proper measure is only such damages as have accrued to the trial. Baugh v. Texas & N. O. R. Co., 80 Tex. 56, 15 S. W. 587; City of Wichita Falls v. Sullivan (Tex. Civ. App.) 22 S.W.(2d) 982; Id. (Tex. Com. App.) 39 S.W. (2d) 882; Cane Belt R. Co. v. Ridgeway, 38 Tex. Civ. App. 108, 85 S. W. 496; Gulf, B. & G. N. Ry. Co. v. Roberts (Tex. Civ. App.) 86 S. W. 1052; R. C. L. 20, p. 470; San Antonio St. Ry. Co. v. Limburger, 88 Tex. 79, 30 S. W. 533, 53 Am. St. Rep. 730.

Those propositions are sustained which complain of the measure of damages applied.

◼ The argument of plaintiffs' counsel, complained of in the first bill of exception, advised the jury of the effect of their answers to the questions submitted. Such argument has been frequently held to be reversible. Some of the cases so holding are: Galveston, H. & H. R. Co. v. Hodnett (Tex. Civ. App.) 182 S. W. 7; Houston & T. C. R. Co. v. Long (Tex. Civ. App.) 219 S. W. 212; Morris v. McGough (Tex. Civ. App.) 230 S. W.

1092; Patterson v. Bushong (Tex. Civ. App.) 196 S. W. 962.

We also regard as improper the argument shown by the second bill. It is perhaps reversible. In any event it should not be made upon retrial.

There are a number of questions presented which need not be considered, as they will not arise upon the retrial.

However, there are three propositions which will be briefly noticed.

◼ The first is that Lacy Company is not liable because the highway was a public work and built in accordance with the plans and specifications prescribed by the State Highway Commission. The proposition, under the facts, is irrelevant. The highway is not the agency which obstructed the flow of the water and caused the damage.

The offending agency is the dirt wrongfully placed upon the plaintiffs' premises in grading the highway. In the performance of its contract to build the highway, Lacy Company was not required and was not authorized to place dirt upon plaintiffs' premises. Its action in so doing was tortious.

◼ The second proposition is that the dirt was so placed by Moore & Sons, and the evidence fails to show the relationship of Moore & Sons to Lacy Company. The contract between the commission and Lacy Company was in evidence. The grading done by Moore & Sons was a part of the work required to be done by Lacy Company in the performance of its contract to build the highway. It thus appears that Moore & Sons did work for Lacy Company which raised a presumption of the relation between them of master and servant. 23 Tex. Jur., title Independent Contractors, § 8.

The third proposition asserts the finding upon defendants' special issue 1 is contrary to the evidence.

It is argued the evidence shows that whatever work Lacy Company did was done according to the plans and specifications prepared by the Highway Commission for the construction of the road. As heretofore stated, the point made is without merit. The plans and specifications did not require the dumping of excavated dirt upon the land of adjacent property owners. The issue as it was drawn was misleading, but the jury properly understood and properly answered it.

◼ Passing to the appeal of the plaintiffs from the judgment in favor of the city of Athens, we need not inquire whether a mu-

nicipality may be held liable in damages to an adjacent landowner for the obstruction of the flow of water by a highway built upon a street in such municipality by the highway commission. This highway is not the agency which impounded the water upon plaintiffs' land in quantities greater than it was before such highway was built. The dirt wrongfully dumped upon plaintiffs' land is the offending agency in this respect, as heretofore stated. The city of Athens is in no wise responsible for the dirt being placed upon plaintiffs' land and cannot be held liable therefor.

Affirmed as to the city of Athens; reversed and remanded as to L. H. Lacy Company.