## COLEMAN et al. v. WRIGHT.

### No. 2321.

Court of Civil Appeals of Texas. Waco.
Sept. 25, 1941.

Rehearing Denied Nov. 6, 1941.

Bishop & Parsons, of Athens, and Davis, Jester & Tyson and J. S. Simkins, all of Corsicana, for appellants.

Richard & A. P. Mays and C. L. Milburn, all of Corsicana, for appellee.

HALE, Justice.

Appellee, W. H. Wright, sued appellants, C. H. Coleman and others, for the recovery of damages on account of injury to his farm land and growing crops resulting from a diversion of the natural flow of surface waters. He alleged that such diversion was accomplished by means of a system of ditches and levees constructed by appellants on their property;

that the resulting injury to his land was permanent, and therefore he was entitled to recover the difference between the market value of the same immediately before and immediately after the construction of the ditches and levees complained of; and in the alternative, he alleged that if the ditches and levees so constructed did not constitute a permanent nuisance, then he was entitled to recover the cost of restoring his land to the condition it was in prior to its temporary injury, and to have such nuisance abated by mandatory injunction.

The jury found in part, on special issues, substantially as follows: The ditches and levees complained of diverted the natural flow of surface waters and captured, concentrated and discharged the same upon appellee's land to his damage; said ditches and levees increased the force of the flow of surface waters over said land, failed to follow the course of the natural depressions and drains on appellants' land, caused flood waters to fill up the drainway on appellee's land, caused surface water to be discharged at a point which would not have been its natural destination within its natural course, and to remain over appellee's land for longer periods of time and to a greater depth than before their construction, and caused to be discharged into the drain-way across appellee's land more water than said drainway had the capacity to carry; said ditches and levees were permanent in their character, but the damages complained of were not permanent; appellee's land had not been permanently injured for farm purposes as a result of the construction and maintenance of the ditches and levees in question; but it had been temporarily injured for such purposes; the sum of $750 was the difference between the market value of said land before and after the construction of said ditches and levees; $350 would compensate appellee for the damages to his growing crops; appellee could have prevented the damages complained of by opening a ditch across his land at a reasonable cost to him of $30; by the expenditure of a reasonable amount of money and labor by appellants, any damages to appellee can be prevented in the future; the damage to appellee's land was such that said land could be restored to its former condition at the reasonable cost of $150.

Appellants duly presented their motion for judgment in their favor non obstante veredicto, and, subject thereto, they moved the court to render judgment on the verdict for appellee in the sum of $30. Appellee did not move for judgment non obstante veredicto, but did move for judgment on the verdict, and thereupon the court rendered judgment in his favor and against appellants for the sum of $1,250, reciting in the judgment that the recovery thus awarded represented $750 for temporary damages to appellee's land, $350 for crop damages and $150 for the cost of restoring said land to its former condition. In addition to the money judgment, the court decreed that appellants be enjoined from injuring the lands or crops of appellee by diverting the natural flow of surface waters on or across his land at any point.

[1, 2] By proper assignments, appellants complain of the action of the trial court in overruling their motions for a peremptory instruction and for judgment in their favor notwithstanding the verdict, respectively, and assert that this court should here render judgment for them, because the pleadings and evidence in the case were insufficient to warrant the granting of any relief to appellee. We have carefully considered these assignments and have reached the conclusion that they must be overruled. In our opinion the issues determinative of appellants' liability were raised by the pleadings and tendered by the evidence and the findings made thereon entitled appellee to appropriate relief. We recognize the right of an owner of land to collect the surface water and the natural drainage of his land into ditches, drains, or artificial streams, and discharge the same into a natural water course on his land where the same is a natural outlet of the water so collected, provided the discharge is not beyond the natural capacity of the water course. However, we do not think a landowner has the right under the law to capture, concentrate and discharge surface waters with impunity, even on his own land, and thereby divert the same from their natural flow in the manner and with the result to lower riparian proprietors, as found by the jury in the instant case. Art. 7589a, Vernon's Ann.Tex.Civ.St.; Bass v. Taylor, 126 Tex. 522, 90 S.W.2d 811; Bunch v. Thomas, 121 Tex. 225, 49 S.W.2d 421; Wilson v. Hagins, Tex.Com.App., 50 S.W.2d 797; Jefferson County Drainage Dist. v. Langham, 124 Tex. 167, 76 S.W.2d 484; Roby v. Hawthorne, Tex.Civ.App., 77 S.W.2d

923, error dismissed; Kahn v. Bauch Leather Co., Tex.Civ.App., 17 S.W.2d 187.

■ Appellants further assert that since the jury found appellee could have prevented his claimed damages by opening a ditch across his land at the reasonable cost to him of $30, the court should have sustained their alternative motion to render judgment on the verdict in favor of appellee for that sum. This contention is founded upon the well settled rule of law that it is the duty of a party to protect himself from the injurious consequences of the wrongful act of another, if he can do so by ordinary effort and care, and thereby mitigate his damages. However, there was no pleading, evidence or finding in this case to the effect that such a ditch could have been opened across appellee's land without injury and damage to lower riparian owners. Therefore, the partially found defense was incomplete and we can not say, under the record before us, that appellee's right of recovery should have been restricted to the sum of $30. Austin & N. W. R. Co. v. Anderson, 85 Tex. 88, 19 S.W. 1025; City of Texarkana v. Rhyne, Tex.Civ.App., 56 S.W.2d 263; Id., Tex.Com.App., 86 S.W.2d 215; Shellhammer v. Caruthers, Tex.Civ.App., 99 S.W.2d 1054, error dismissed.

■ Appellants assign error on the action of the court in rendering judgment against them for the items of $750 and $150, respectively, and in decreeing that they be enjoined from injuring the lands or crops of appellee by diverting the natural flow of surface waters on or across said lands. These assignments must be sustained. It is well settled that all damages, present and prospective, for permanent injury to land resulting from a diversion of surface waters may be recovered in one action, and the measure of damages for such injury is the difference between the reasonable market value of the land immediately before and immediately after the injury; but the measure of damages for temporary injury to land is only such damages as have accrued up to the time of trial. Lone Star Gas Co. v. Hutton, Tex. Com.App., 58 S.W.2d 19, and cases cited;

Parsons v. City of Athens, Tex.Civ.App., 78 S.W.2d 1098; City of Wichita Falls v. Sullivan, Tex.Civ.App., 22 S.W.2d 982; Id., Tex.Com.App., 39 S.W.2d 882. Since the jury found that appellee's land had not been permanently injured, and that the same could be restored to its former condition at the reasonable cost of $150, we think it is clear that appellee was not entitled to recover the item of $750 which was the difference between the market value of said land before and after the construction of the ditches and levees complained of.

■ In his brief, appellee admits that under the verdict the only damage to his land was temporary and that he is therefore restricted in his recovery to the cost of restoring the same to its condition immediately preceding the injury, but he insists that the item of $750 should be considered as a part of the cost of restoration. In the alternative, he asserts that this court should permit him to file a remittitur of $150, or of $750, and thereupon affirm the judgment appealed from. We can not sustain either of these contentions. It is not clear from the verdict of the jury as to whether the item of $150 would be the cost to appellee of restoring his land to its former condition upon the assumption that appellants abate the ditches and levees complained of, or as to whether such item would be the cost to appellants of abating the alleged nuisance. Neither is it clear to us just what affirmative acts, if any, appellants are required to perform under the court's decree enjoining them from injuring the lands of appellee by diverting the natural flow of surface waters. If the jury intended to find that appellants could destroy the ditches and levees on their land at a reasonable cost to them of $150 and thereby restore appellee's land to its former condition, then it is manifest that a double recovery would be awarded to appellee by allowing him to recover the item of $150 and at the same time require appellants by mandatory injunction to abate the nuisance complained of.

Because of the errors discussed, the judgment appealed from is reversed and the cause is remanded for another trial.