### CITY OF TEXARKANA v. J. W. TALBOT.

#### No. 299.

1. **Municipal Corporation — Grading Streets — Damages — Constitutional Law.**—Article 1, section 17, of the Constitution, not only prohibits the taking and destruction of a person's property for the public benefit without compensation, but also prohibits the damaging of such property without such compensation. The liability for such damages does not depend upon negligence; the owner has the absolute right to compensation for the damage done to his property, unless he has consented thereto.

2. **Consent of Owner a Matter of Defense—Need Not to be Negatived in Petition.**—In a suit against a city for damages for grading a street in such a manner as to decrease the value of plaintiff's abutting lots, it was not necessary for the petition to allege that the grading was done without his consent   Consent was a matter of defense in the nature of an estoppel to be pleaded by defendant.

3. **Request of Owner to Grade is Consent—Negligence.**—Where the owner of property petitions the city counsel for the fixing and construction of the grade of a street, he consents, within the meaning of the Constitution, to all such damages as are incident to a skillful and proper construction thereof, and can then recover only for injuries resulting from negligence of the city in constructing the work consented to.

4. **Same—Surface Water.**—In such case, where the municipality keeps within the limits of its streets and its jurisdiction, and the injury caused by surface water is wholly incidental to and consequent upon the exercise of its lawful powers, there is no implied or common law liability.

5. **Measure of Damages.**—If a recovery could be had, the proper measure of damages, if the injury be permanent, would be the difference in the value of the property just before and just after the injury was inflicted; if the injury was not of a permanent character, then such special damages as could be shown to be the proximate result of the wrongful act.

APPEAL from Bowie County. Tried below before Hon. JOHN L. SHEPPARD.

*Horace Vaughan,* for appellant.—In order to set up a cause of action against a city for grading a street within the same, over which it has control, and thereby causing damages to property fronting and abutting

thereon, where it is not shown that the construction of said grading was not performed in a careful, skillful, or proper manner, it is necessary that the party seeking to recover such damages should allege that such grading was done, and such damages were by him sustained, without his consent. Const., art. 1, sec. 17; Sayles' Civ. Stats., arts. 1187, 1195, and notes; Rev. Stats., arts. 375, 474; 2 Dill. Mun. Corp., 4 ed., secs. 987–990, and cases cited; Cross v. Kansas City, 90 Mo., 13; 1 Sayles' Civ. Stats., art. 2245.

Plaintiff's petition was insufficient, in that it did not allege that the provision of drainage for his lots was essential and necessary to the proper construction of the grading in front thereof. Wilson v. New York, 1 Denio (N. Y.), 595; Mills v. Brooklyn, 32 N. Y., 489; Seifert v. Brooklyn, 101 N. Y., 136; Gould v. Booth, 66 N. Y., 65.

There is no liability on the part of the municipal corporation for not exercising the discretionary or legislative powers it may possess to improve streets, and, as a part of such improvement, to construct gutters or provide other means of draining for surface waters, so as to prevent them from accumulating and standing upon adjoining lots. Wallace v. The City of Dallas, 2 Posey's U. C., 424; 2 Dill. Mun. Corp., 4 ed., secs. 1038, 1041, 1051, and notes; Imler v. Springfield, 55 Mo., 119; Davis v. Crawfordsville, 119 Ind., 1; Rychlicke v. St. Louis (Mo.), 11 S. W. Rep., 1001; Lynch v. New York, 76 N. Y., 60; Wilson v. New York, 1 Denio (N. Y.), 595; Mills v. Brooklyn, 32 N. Y., 489; Seifert v. Brooklyn, 101 N. Y., 36; Henderson v. Minneapolis, 32 Minn., 319.

*P. A. Turner* and *J. M. Talbot*, for appellee, cited: Cooper v. City of Dallas, 83 Texas, 239; City of Fort Worth v. Howard, 22 S. W. Rep., 1059; Railway v. Hall, 78 Texas, 169; Railway v. Eddins, 60 Texas, 658; 2 Ct. App. C. C., secs. 279, 662.

FINLEY, ASSOCIATE JUSTICE.—This is a suit for $2500 damages alleged to have been done plaintiff's property by grading the street upon which his property abutted. The cause was tried without a jury, and judgment was rendered for plaintiff for $2000.

The first and nineteenth assignments of error attack the action of the court in overruling the general demurrer to plaintiff's petition, and are as follows:

First assignment of error: "The court erred in overruling defendant's general demurrer to plaintiff's petition, because said petition is insufficient in law, in this, that it alleges that neither the grading of Maple street, complained of therein as having caused injury to his property fronting thereon, was done without his consent, nor that the said grading was done in an improper, unskillful, or negligent manner, nor that the grade established was an improper or unjust grade."

Nineteenth assignment of error: "The court erred in overruling defendant's general demurrer to plaintiff's petition, because said petition presents no cause of action against defendant, in that it seeks to recover damages against defendant city for, in exercising its power to improve Maple street, not providing sewers, gutters, and drains, or other means of draining surface waters, so as to prevent them from flowing upon and accumulating upon his lots adjoining said street."

The plaintiff's petition sets up, that the defendant graded Maple street, upon which his lots (four in number) fronted, and on which they abutted, and in so doing threw up an embankment from sidewalk to sidewalk about five feet higher than the natural grade of said street in front of said lots, which caused water to accumulate and stand on his lots, and made his lots several feet lower than the street, and rendered them untenantable, decreased their value $2500, caused plaintiff to expend money, time, etc., in making improvements on the lots and filling up the same with dirt, rendered necessary by said grading. The petition does not allege that said grading was done without the consent of plaintiff, nor does it allege that it was not necessary and proper in grading said street to throw up said embankment; nor that the said grading was done in an unskillful, negligent, or improper manner.

Article 1, section 17, of our Constitution, provides, that "no person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person," etc. Since the adoption of this constitutional provision it has been held, that the owner of land abutting on streets and highways may recover damages for injury to such land by grading or changing the grade of the highway. The Constitution not only prohibits the *taking* and *destruction* of a person's property for the public benefit without compensation, but also prohibits the *damaging* of such property without compensation. The liability for such damages does not depend upon being the result of negligence; but the owner has the absolute right to compensation for the damage done to his property, unless he has consented thereto. Cooper v. City of Dallas, 83 Texas, 239; City of Fort Worth v. Howard, 22 S. W. Rep., 1059. The petition then declares upon a good cause of action, unless it was necessary that it should be alleged that the owner did not consent to the act which resulted in damage to his property. As exemption from liability is made by the laws to depend upon the consent or voluntary waiver by the person damaged, it was a matter of defense in the nature of an estoppel to be pleaded by defendant, and it was not necessary that plaintiff's pleadings should deny that such exception existed in his case. We think the petition was good on general demurrer; though it can not be commended for clearness in its statement of the grounds upon which a recovery is claimed.

The remaining assignments of error necessary to be noticed attack the judgment of the court, upon the ground that the findings of fact are not supported by the evidence, and that the facts as found by the court do not justify the judgment rendered upon them. We deem it unnecessary to treat these assignments separately, but under them we feel authorized to examine into the correctness of the conclusions of the court. The conclusions of the court below are as follows:

"1. I find that J. W. Talbot was the owner and in possession of the lots numbers 9, 10, 11, and 12, in block number 46, situated in the city of Texarkana, as alleged in plaintiff's petition.

"2. I find that said lots fronted on Maple street, in said city, and that defendant caused said street to be graded, and in so doing caused to be thrown up in front of said lots an embankment of dirt three and one-half or four feet higher than plaintiff's lots, and thereby caused the water to flow back upon and accumulate and stand upon said lots.

"3. I find that defendant was duly notified by plaintiff that said embankment caused the water to accumulate and stand upon his said lots, but that defendant failed and refused to provide proper and sufficient culverts to drain said lots.

"4. I find that before the grading of said Maple street and the throwing up of said embankment by defendant, there was a natural drainage of the said lots.

"5. I find that plaintiff's property was rendered untenantable by reason of the accumulation of water upon his said property, and that he paid out and expended in filling in and raising said lots, and other necessary improvements upon the same, the sum of $1000.

"6. I find that plaintiff's property has been damaged, by reason of the acts complained of by plaintiff, in the sum of $2000."

Upon these conclusions of fact the judgment of the court is based, no conclusions of law being filed.

Upon an examination of the evidence contained in the statement of facts, we find that it was proven, without controversy, that prior to the construction and establishment of the grade upon Maple street, plaintiff, joining with a large number of others owning property abutting upon said street, petitioned the council of the city of Texarkana, in writing, to establish and construct a grade upon Maple street, presenting strong and urgent reasons for the prayer of the petitioners. This was a most important fact in the case, which the trial court appears to have entirely ignored. It was also proven, without question, that the water which accumulated upon plaintiff's lots was surface water, the lots being inclined toward the street; when rains came the water would be obstructed by the embankment and flow back upon the lots. This is another important fact, which the court passes by in his findings. It is not stated in the court's findings whether the grade was regarded as a proper grade, nor whether the work of constructing

the grade was done skillfully or negligently.   Under this state of the findings of fact, we are led to the conclusion that the court below was of the opinion that plaintiff was entitled to recover for the damage done his property, notwithstanding the grade was a proper one, and its construction skillfully executed.   It must have been the view of the trial court that the petition of the plaintiff to the city council asking for the establishment and construction of the grade did not affect his right to recover for injuries incident to and consequential upon the construction of such grade.   It would hardly be reasonable to give the law a construction which would authorize one to influence a city council by petition to fix and construct a grade upon a street, and then permit him to recover damages for injuries which are incident to a proper construction of such work.   We think it would be more in harmony with good conscience and sound reason to treat such an act as a consent to the construction of the grade, and a waiver of such damages as are incident to its proper construction.

When the plaintiff signed and presented his petition to the city council praying for the fixing and construction of the grade upon Maple street, he *consented,* in the meaning of the Constitution, to all such damage as was incident to a proper and skillful construction thereof, and could only recover for injuries resulting from negligence of the city in constructing the work consented to by plaintiff.   Absolute right to compensation for the damage provided by the Constitution no longer existed after he consented to the work, and his rights must be determined under the common law.

Mr. Dillon, in his most admirable work upon Municipal Corporations, fourth edition, after a thorough review of the authorities, beginning with section 1040 and concluding with section 1051, lays down certain propositions as well founded, among them this:   "Where the municipality keeps within the limits of its streets and within the limits of its jurisdiction, and the injury caused by surface water is wholly incidental to and consequential upon the exercise of its lawful powers, there is no implied or common law liability.   This is everywhere admitted."   Sec. 1051.

In section 1040 he says:   "Authority to *establish grades for streets, and to grade them,* involves the right to make changes in the surface of the ground, which may affect injuriously the adjacent property owners; but where the *power* is not exceeded, there is no liability, unless created by special constitutional provision or by statute (and then only in the mode and to the extent provided), for the consequences resulting from the power being exercised and properly carried into execution.   On the one hand, the owner of the property may take such measures as he deems expedient to keep surface water off from him, or turn it away from his premises onto the street; and on the other

hand, the municipal authorities may exercise their lawful powers in respect to the gradation, improvement, and repair of streets, without being impliedly liable for the consequential damages caused by surface water to adjacent property."

Section 1041.     * * *   "And where even the work of grading the streets has been entered upon, there is not ordinarily, if ever, any liability to the adjoining owners arising merely from the *nonaction* of the corporation in not providing means for keeping surface water from property situate below the established grade of the street."

We know of no better authority upon this subject than Mr. Dillon; and we find his position abundantly supported by adjudicated cases. Gould v. Booth, 66 N. Y., 62; Lynch v. Mayor, etc., 76 N. Y., 60; Weiss v. Madison, 75 Ind., 241; Davis v. Crawfordsville, 119 Ind., 1; Henderson v. Minneapolis, 32 Minn., 319.

It may be proper to add, that it does not clearly appear that the court adopted the proper measure of damages in case a recovery could be had.  If the injury to the property was shown to be permanent, then the difference in the value of the property just before and after the injury was inflicted upon it would be the proper measure of damages.  If the injury was not of a permanent character, then such special damage as could be shown to be the proximate result of the wrongful act, could be recovered.  Railway v. Haskell, 23 S. W. Rep., 546, and authorities there cited.

While this cause was tried by the court without a jury, and we feel compelled to reverse the judgment, we do not think it would be right for this court to render the judgment.  The case does not seem to have been fully developed and tried in the court below upon the real issue of liability, and a sense of justice demands that we shall send the case back and afford the opportunity for a trial upon the real merits of the case.

We suggest that it would be well for the court to require the plaintiff to replead, and set out distinctly the ground upon which he bases his right to a recovery.

The judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered April 4, 1894.