TEXAS & P. RY. CO. v. FRAZER.*
(No. 513.)

(Court of Civil Appeals of Texas. El Paso. Jan. 20, 1916. Rehearing Denied Feb. 17, 1916.)

1. TRIAL ⬅139—DIRECTING VERDICT.

There should not be a directed verdict unless the evidence is undisputed, and of that conclusive nature that leaves no room for ordinary minds to differ as to the conclusions to be drawn from it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. ⬅ 139.]

2. WATERS AND WATER COURSES ⬅172—DIVERSION AND IMPOUNDING.

Defendant to be liable for damages from the breaking of a dam, by which it impounded waters which it diverted, need not have been negligent.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 233–236; Dec. Dig. ⬅172.]

3. WATERS AND WATER COURSES ⬅172—DIVERSION AND IMPOUNDING — ESCAPE — LIABILITY—UNPRECEDENTED RAIN.

The unprecedented character of the rainfall will not relieve defendant from liability, where it diverted waters from their natural channel and impounded them, and then permitted them to escape on plaintiff's land.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 233–236; Dec. Dig. ⬅172.]

4. WATERS AND WATER COURSES ⬅172—DIVERSION AND IMPOUNDING—ESCAPE—ESTOPPEL.

Plaintiff, not having joined or acquiesced in the request of other citizens that defendant build a dam to impound water which it had diverted, is not estopped, because thereof, to claim damages to his land from the escape of water therefrom.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 233–236; Dec. Dig. ⬅172.]

5. WATERS AND WATER COURSES ⬅179—DIVERSION AND IMPOUNDING—ESCAPE—ACTION FOR DAMAGES—EVIDENCE.

The action being only for damages from escape to plaintiff's land, by the breaking of the dam, of waters which defendant diverted and impounded, and plaintiff not pleading as an element of damages that the dam was a menace to his land, defendant's offered evidence, that it was a benefit rather than a menace thereto, is inadmissible.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 249; Dec. Dig. ⬅ 179.]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Action by Ella Frazer against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

John B. Howard, of Pecos, for appellant. Ponder S. Carter and Will P. Brady, both of El Paso, and Ben Palmer, of Pecos, for appellee.

HARPER, C. J. This is an action instituted in the district court of Reeves county, Tex., by the appellee, Ella Frazer, on the 5th day of November, 1914, to recover damages from the appellant, the Texas & Pacific Railway Company, to certain real and personal property, and injury to the person of said appellee, caused by, as alleged by the appellee, the breaking of the reservoir and dam of appellant at Toyah, Tex., on the 29th day of May, 1914. Mrs. L. W. Durrell, joined by her husband, pro forma, under permission of the court, intervened, alleging that she was part owner of the said real property alleged to have been injured. Appellee alleged that, without regard to her rights, appellant wrongfully and improperly constructed a large reservoir or artificial lake about 400 yards from her premises, by erecting a large dirt dam across a ravine, and thereby held the water from flowing down said ravine, as it had theretofore done; that said dam was so negligently and defectively constructed and provided with such insufficient spillways or other means to permit the surplus water to escape as to be wholly insufficient to withstand the pressure of the large body of water impounded thereby; that in addition to the dam, appellant constructed a levee about 1,400 yards long, and that a ditch was dug along said levee which, with the levee, diverted the water from its natural drainage on the north side of the railway track, to the south side of the track into the said reservoir, near to which appellee's property was situate; that by reason of the faulty construction and the negligent manner in which the dam was maintained the waters impounded overflowed the banks and destroyed her property, etc. Appellant answered by general and special denial, and specially answered that the reservoir is situated upon its own property, was skillfully constructed, with proper outlet for flood waters; that the levee complained of was constructed for the protection of the town of Toyah at the instance and request of the citizens thereof; that the rain which caused the dam to break was unprecedented; that the flow of water over plaintiff's property would have been as high or higher had there been no dam across the ravine; that the levee or dam is no part of the embankment of the railway right of way, but separate and distinct, used for storing water for use in the shops at Toyah. Appellees denied that the rain was unprecedented, also denied that the dam and levee were a benefit to the town, and alleged it to be a detriment. The cause was submitted to a jury by general charge, and resulted in verdict and judgment for appellee, Frazer, for $1,433.33, and for intervener, Durrell, for $266.67, from which an appeal is perfected.

[1] The first assignment is that:

"The court erred in refusing to give a requested peremptory instruction for the defendant be-

cause the uncontroverted proof was that the water, which caused the alleged damages, would have risen as high and to as great a depth and over as great an area if the dam, levee, and reservoir had not been constructed."

The evidence conclusively shows that the dam and levee were constructed as alleged; that the waters of the natural drainways, both south and north of the railway tracks, were diverted from their natural flow into the reservoir; that the dam broke and the waters which destroyed appellee's property came through the break in the dam; and there is evidence in the record that if the levee had not been constructed, which diverted the water across the track from the north to the south side thereof, it would not have reached the property of appellee. Therefore the court did not err in refusing to give the peremptory instruction.

The trial court should not instruct the jury to return a verdict unless the evidence is indisputed, and of that conclusive nature that leaves no room for ordinary minds to differ as to the conclusions to be drawn from it. Choate v. Railway Co., 90 Tex. 82, 36 S. W. 247, 37 S. W. 319; Mustain, Ex'r, v. Stokes, 90 Tex. 358, 38 S. W. 758.

[2] The second, third, and tenth assignments charge that it was error to refuse to give special requested charges, submitting whether or not the dam and levee were negligently constructed; the proposition being that, in all actions sounding in tort to enforce a common-law right, the plaintiff must allege and prove some negligent act of the defendant which caused the damage. The proposition contended for has expressly been held to be unsound, in cases such as is here presented. Texas & Pacific Ry. Co. v. O'Mahoney, 50 S. W. 1049; Id., 24 Tex. Civ. App. 631, 60 S. W. 903.

[3] Fourth assignment: The court did not err in refusing to charge upon the defense pleaded of unprecedented rainfall. The waters which caused the damage having been diverted from their natural channel and impounded, and from the reservoir permitted to escape upon plaintiff's property, defendant is not relieved from liability because of the unprecedented character of the rainfall. G., H. & S. A. Ry. Co. v. Riggs, 107 S. W. 589.

[4] The fifth assignment charges that the court erred in refusing to permit witness to testify that the citizens of the town of Toyah, in which the property of plaintiff is situate, had requested the railway company to construct the dam to protect the town from overflow. There is no pleading nor proof that the plaintiff made or acquiesced in such request, if made; therefore she is in no way estopped from claiming damages which were proximately caused by the diversion of the waters from their natural drainage basins and permitting them to flow upon her property.

[5] The sixth and seventh assignments con-

tend that it was error to exclude the testimony of witnesses to the effect that the dam, levee, and reservoir were a benefit to the property of plaintiff, instead of being a menace to her life and a detriment, and that it had been built at the request of the inhabitants of the town; the proposition being:

"Appellees pleaded that the construction of the 1,400-yard levee on the north side of the track was for the purpose of diverting the water north of Toyah into this appellant's reservoir, and that said levee was a detriment to their property and a menace to the life of the appellee, Miss Frazer, and caused her property to be proclaimed as worthless; this appellant having pleaded in answer to their said allegations that the levee protected their property and was a protection to all property, and was placed there at the request of the property owners. Under these pleadings, the testimony, sought to be introduced, tended to establish that said levee was beneficial and enhanced the value of appellee's property. The same should have been submitted, and it was error in the court to exclude same."

We fail to find that the fact that the dam, levee, and reservoir was a menace to the property of appellee was pleaded by appellee as an element of damages. The statement of facts does not show any evidence adduced to that effect, and the charge of the court confines the jury to a consideration of the actual damages suffered and the proximate cause thereof. There is no attempt to enjoin the maintenance of the structures, so there is no phase of the case upon which the testimony was admissible.

Besides, it is conceded in this case that the dam broke; that the waters therefrom washed against and damaged, if not destroyed, plaintiff's property; so testimony from witnesses that at the time of the trial the structures were a menace or a benefit to the property could not in any way have affected the verdict of the jury.

The eighth assignment reads:

"Because the court erred in permitting the plaintiff to testify over the objection of the defendant that she could have gotten certain sums for rent out of her residence after the overflow or flood because the same was not the proper measure of damage in this cause and was highly prejudicial to the rights of this defendant."

The questions and answers, as they appear in the bill of exceptions, are as follows:

"Now, since the flood happened, have you been able to use it for that purpose? No, sir.

"Have you collected anything, gotten anything out of it, since that time for roomers? No, sir.

"Could you have gotten anything out of it? (Counsel for defendant object to, 'Could you have gotten anything out of it?' Court overruled.) Answer: Could have."

There seems to have been no reason given for the objection. Besides, the questions and answers appear to have no definite meaning as they appear in the bill of exceptions. It is clear that plaintiff has not received any rentals from the premises since the flood. But the question, "Could you have gotten anything out of it?" has no meaning, without qualifying it with, "if the property had been in the same condition as before the injuries," or by, "in the condition it was after the in-

juries." If the idea is that the property had a rental value before the injury and none after, then the testimony was admissible as a circumstance tending to show the extent of the injuries to it.

The ninth is that the verdict and judgment are excessive. There is ample evidence in the record to sustain the amount found by the jury.

Affirmed.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.