## CITY OF LUFKIN v. LIVELY et ux.
### No. 1931.

Court of Civil Appeals of Texas. Beaumont.
March 20, 1930.

W. O. Seale, of Lufkin, for appellant.

Townsend & Collins, of Lufkin, for appellees.

WALKER, J.

On November 19, 1928, B. N. Lively and wife, appellees, owned a certain lot in the city of Lufkin, being their homestead, abutting on Moore avenue. Prior to that date Moore avenue had been in use as a street for many years; also prior to that date the city of Lufkin had entered into a contract with Scott Shambaugh for the improvement of certain of its streets, including Moore avenue. On the date mentioned, appellees entered into a written contract with Scott Shambaugh, authorizing him to improve Moore avenue in front of their homestead property, and agreeing to pay him for such improvements the price stipulated in the contract. This contract contained the following provision:

"That, whereas, the City Commission of the City of Lufkin, Texas, by sufficient proceedings and ordinances and resolutions as required by the ordinance of said City, has entered into a contract with Scott Shambaugh, Party of the First Part, for the improving of the hereinafter mentioned streets, avenues and highways, by bringing the same to the established grades, and the constructing or resetting curbing, and lay and constructing paving and executing other work thereon, and the said contractor, Scott Shambaugh, has given a good and sufficient bond for the construction and completion of such improvements, the same having been duly executed, delivered and approved on behalf of the said contractor and said City, by virtue of which contract said contractor is to furnish all the materials and labor for said work, which is hereby admitted and declared by the undersigned to be an improvement to and upon the property hereinafter described, and an actual benefit to the owners thereof, the undersigned, in the enhanced value thereof by means of said improvements to an amount in excess of the obligations herein assumed, and this voluntary lien contract is now executed as an inducement to said contractor to perform such work and to furnish such labor and materials."

The street was duly graded and paved, and the necessary curbing, etc., constructed, in compliance with appellees' contract with Shambaugh and with his contract with the city; the work being done under the direction of the city engineer of the city of Lufkin and in accordance with the grade levels furnished by the city. This suit was brought by appellees against appellant, the city of Lufkin, on the allegation that the grade of Moore avenue was raised so high that the drainage of their homestead lot was destroyed, impounding upon their lot the surface water falling thereon. Under their allegations the water had no drainage and remained on their lot until removed by evaporation. Appellant answered by general and special demurrers to the effect that appellees had not alleged that the improvements on Moore avenue were negligently constructed, and by general and special denials and by specially pleading the provision of the contract above quoted and the following provision of its charter: "Before the City of Lufkin shall be liable for damages of any kind, the person injured or some one in his behalf, shall give the mayor or city commissioners notice in writing of such injury within thirty days after the same has been received, stating specifically in such notice when, where and how the injury occurred and the extent thereof."

The trial was to the court without a jury, with judgment in favor of appellees for $500. Conclusions of law and fact were filed in support of the judgment.

By proper assignments appellant attacks the trial court's conclusions of fact. We have carefully reviewed the entire statement of facts, and have concluded that all material fact conclusions made by the trial court have support in the evidence sustaining the amount of damages fixed by the judgment. The evidence on this issue was sharply conflicting, but appellees' evidence was of such a nature that the conclusions of the trial court should not be disturbed.

The provision of appellant's charter above quoted did not constitute a bar to appellees' claim. Almost word for word the language of appellant's charter is identical with a similar provision in the charter of the city of Dallas, construed by the Commission of Appeals in City of Dallas v. Shows, 212 S. W. 633, 634, where it was said: "The portion of the section dealing with notice of the defect follows that with reference to notice of the injury. Notice of the defect is by express language made a condition precedent to a recovery for injury to person or property. In the provision for notice of the injury, no specific mention is made of injury to property. The phrase in this provision 'damages of any kind,' considered alone, would, of course, be

sufficiently broad to include damages to either person or property. The notice provided for is to be given by 'the person injured.' In a sense, a person is injured when his property is injured. We believe, however, that a proper construction of the provision, read in its entirety, and in view of the omission of mention of injury to property, while property is specifically mentioned in the same section in reference to notice of the defect, evidences an intention that the requirement as to notice of injury should apply exclusively to the person. The requirement of notice of injury as a condition precedent to an action, while valid and in accord with sound public policy, is in derogation of common right, and should therefore be construed with reasonable strictness and not extended by implication beyond its own terms or held to apply to such damages as are not within its clear intent. 28 Cyc. 1450. Notice of injury to property is not clearly expressed, nor can it be said that the intent to include such injury is clearly manifest."

The same construction was given a similar charter provision in City of Fort Worth v. Ashley (Tex. Civ. App.) 197 S. W. 307.

█ The liability of a city for damaging private property by raising the level of its streets does not ordinarily depend upon negligence, but the owner has the absolute right to compensation for damages done to his property unless he has consented thereto. Article 1, § 17, State Constitution; City of Texarkana v. Talbot, 7 Tex. Civ. App. 202, 26 S. W. 451; Blair v. Waldo (Tex. Civ. App.) 245 S. W. 986. It follows that appellees' petition was not demurrable for the failure to allege that the improvements on Moore avenue were negligently constructed.

█ But appellant specially pleaded that appellees consented to the construction of the improvements of which they now complain. If appellees agreed in their contract with Shambaugh that he and appellant might establish the grade on Moore avenue that was in fact established in its improvement, then they have no cause of action. This is so because the protection given the owner of property by section 17 of article 1 is lost when the property is taken "by the consent" of the owner. But we do not think appellant established a case of "consent." Appellees did contract that Moore avenue in front of their property should be improved "by bringing the same to the established grades," but there was neither pleading nor proof that the grade of which appellees complain was the grade fixed by this contract; that is to say, there was neither pleading nor proof that the grade upon which Moore avenue was improved was the grade contemplated by Shambaugh and appellees in the execution of their contract. This street, as already stated, had

been in use for many years, and there is no suggestion in the record that the grade agreed upon by the contract was not the grade recognized by the city for Moore avenue prior to its improvement. Beyond question appellant rested under the burden of establishing that appellees had agreed to the grade upon which Moore avenue was improved. Appellant recognizes that this issue was not established by proof by failing to bring forward in its brief a statement sustaining its contention. The entire statement made by appellant in support of this proposition is as follows:

"Under this proposition appellant's contention is the grade of Moore Avenue had never been established and that the appellees made, executed and delivered to Scott Shambaugh, appellant's paving contractor, a contract or agreement in writing for improving of Moore Avenue, adjacent to their said property, * * * 'by bringing the same to the established grade, and the construction and resetting curbing, and laying and constructing paving, and executing other work thereon,' and, in which said contract or agreement, the appellees admitted and declared would be an improvement to and upon their property and an actual benefit to them in the enhanced value thereof by reason of said improvements.

"And, in grading and paving the street and establishing the grade, it was raised six inches at the highest point, which was at the lowest point of appellees' property, and was necessary in order to take care of the drainage on said street, and a reasonable grade to be established."

Affirmed.