## CITY OF BRADY v. COX.

### No. 7685.

Court of Civil Appeals of Texas. Austin.

March 30, 1932.

Rehearing Denied April 13, 1932.

Newman & McCollum, of Brady, for appellant.

Shropshire & Adkins, of Brady, for appellee.

BLAIR, J.

Appellee sued appellant, the city of Brady, for damages, alleging, proving, and the jury finding that in the improvement of Crothers avenue, in accordance with the plans and specifications adopted by the city council, appellant raised the grade and paved the street so as to divert flood waters from their natural channel onto and across some of appellee's property abutting on and situated immediately south of Crothers avenue; and that appellant so constructed the grade of Crothers avenue as to leave no drainage for flood waters through their natural channel, thereby impounding a materially larger volume of water on the north side of said avenue and opposite appellee's described property; and that this impounded water seeped through or under

said avenue down into and underneath appellee's property, materially damaging its value in the aggregate sum of $900. Judgment was accordingly rendered for appellee for $900; hence this appeal.

Appellant contends that the trial court erred in refusing to submit special issues as to whether it was negligent in grading and paving Crothers avenue so as to divert flood waters from their natural channel into and across appellee's property; and in so constructing the grade of the street as to impound waters which seeped under it and onto and underneath appellee's property; and as to whether such negligence was a proximate cause of the damages to appellee's property. We do not sustain these contentions.

The case was tried upon the theory that there was no question of negligence involved as to the manner in which the street had been graded and paved. Appellee alleged and proved that the street had been graded and paved under order of the city council in accordance with the approved plans and specifications of the city's engineer, and in compliance with the front foot rule assessing part of the costs against abutting property owners; and that, as thus constructed under the governmental plan or method, the flood waters were so diverted and impounded as to damage appellee's property by overflow of flood waters and from seepage of impounded surface water. Appellant alleged, and its evidence tended to prove, that it improved the street in accordance with the plans and specifications approved by the city council, and constructed the drainage and diverted the water so that it was carried west and discharged into Grant street.

The undisputed evidence showed that in improving the street appellant removed a flume three feet in diameter, which was under and across the street where the natural channel for flood waters existed prior to the improvements; then it rebuilt the grade raising the height, and placed thereon the hard-surface pavement. In doing this the city was attempting to divert the flood waters from the natural channel where the flume crossed the street westward to Grant street, thence down Grant street. The city engineer testified that in doing this he was handling the flood waters in an approved method for smaller towns and cities, which, on account of costs, could not afford underground sewerage to care for flood waters. He further showed that he had carefully planned this drainage so as to care for rain waters which fell on about 160 acres of land with natural drainage towards Crothers avenue. He also testified that he thought the waters had been properly diverted to Grant street so as to relieve appellee's property even of the flood waters which overflowed a part of it prior to the improvements;

and that by the drainage constructed the surface flood waters which stood across the street from appellee's property prior to the improvements had been decreased. On the other hand, appellee's evidence showed that the attempt to divert the flood waters to Grant street failed, and that the waters were diverted only about seventy-five feet west where they crossed Crothers avenue onto and across some of appellee's property, washing away the soil, shrubbery, and grass, which had never occurred prior to the improvement of the street and the attempt to divert the water by the city. Appellee's evidence also showed that, after appellant took out the flume, a much larger volume of water was impounded on the north side of Crothers avenue which moved westward in its spread and stood immediately across said avenue from appellee's property; and that as a consequence the impounded water seeped under Crothers avenue down into and underneath all of appellee's described property, undermining the foundations of his houses and causing the walls to crack and give way, creating a damp, unsanitary, and unhealthy condition at his home and at his rent houses, and causing the breeding of mosquitoes, flies, and noxious insects.

In City of Lufkin v. Lively (Tex. Civ. App.) 26 S.W.(2d) 706, 708, it is held that: "The liability of a city for damaging private property by raising the level of its streets does not ordinarily depend upon negligence, but the owner has the absolute right to compensation for damages done to his property unless he has consented thereto. Article 1, § 17, State Constitution; City of Texarkana v. Talbot, 7 Tex. Civ. App. 202, 26 S. W. 451; Blair v. Waldo (Tex. Civ. App.) 245 S. W. 986. It follows that appellees' petition was not demurrable for the failure to allege that the improvements on Moore avenue were negligently constructed."

In the City of Houston v. Bartels, 36 Tex. Civ. App. 498, 82 S. W. 323, 469; Id., 32 Tex. Civ. App. 389, 74 S. W. 326, 328, it was held that the city was liable for damages to the adjacent owner of property for excavating the grade of a street to such a depth as to render it impossible to construct approaches to her property from the street side, thereby lessening its value; and that it was no defense to her suit that the grading of the street was done with reasonable care and diligence, or that the excavation and lowering of the grade was made necessary as a matter of municipal economy in extending and improving its street.

In City of Wichita Falls v. Mauldin (Tex. Com. App.) 39 S.W.(2d) 859; Id. (Tex. Civ. App.) 23 S.W.(2d) 771, it was held that the city was liable for damages for negligently lowering the grade of its street so as to divert surface waters from their natural channel onto Mauldin's property.

In City of Wichita Falls v. Sullivan (Tex. Com. App.) 39 S.W.(2d) 882; Id. (Tex. Civ. App.) 22 S.W.(2d) 982, it was held that the city was liable for damages sustained in consequence of its failure to place drain pipes at street intersections on grading street, thereby obstructing flow of flood waters, causing it to back and stand on plaintiff's land, depreciating its market value.

It is true that the last two decisions by the Commission of Appeals are based upon alleged negligence of the city in the execution of the plans adopted for making the street grade, the commission holding that the municipality was liable for its negligence in that regard in the same manner as a private corporation is liable for its negligence in damaging another's property. However, in the instant case, appellee did not seek to recover upon the theory that appellant city was negligent in the execution of the plans or method adopted for the street improvements; but sought to recover upon the theory that, although the city had constructed the grade of the street with reasonable and due care, and in accordance with the plans and specifications adopted for the improvements, it had nevertheless injured his property, and had thereby imposed upon him, as private owner of the property, a burden which properly should be borne by the entire body corporate; and clearly appellee's right to recover upon this theory does not depend upon negligence of the city in constructing the grade and making the street improvement.

The liability of a county or municipality for damages occasioned by the construction or improvement of a road or street, or from ditching or drainage of same, regardless of negligence in the execution of the plan or method adopted for the construction or improvement, is based, first, upon the State Constitution; and, second, upon the common law of England as adopted by Texas court decisions. With respect to the first, the courts have uniformly held that a road or street "is supposed to be constructed with reference to the welfare of those who live along it and have the right to use it," and that any burden placed upon an abutting or adjacent owner of property not in common with all abutting or adjacent owners of property imposes a burden which should properly be borne by the public generally, or the entire body corporate; and is in violation of article 1, § 17 of the Constitution, which inhibits the taking, damaging, or destroying for or applying to public use such person's property without adequate compensation being made. So it is held that, where such governmental agencies take property or damage property for public use in establishing, maintaining, or improving a road or street, or in making ditches or drains for same, the governmental agencies are liable for damages resulting therefrom to

abutting or adjacent property, without regard to whether the work is done with reasonable care and skill, and without regard to whether such governmental agencies were negligent in the execution of the governmental plan or method adopted for making the improvements. Nussbaum v. Bell County, 97 Tex. 86, 76 S. W. 430; City of Houston v. Bartels, supra; Vernon's Annotated Constitution, part 1, p. 144, and cases there cited.

The English rule, commonly referred to as the Fletcher v. Rylands rule, makes one who diverts flood waters from their natural drainage, or impounds such waters on his premises, an insurer of the safety of his neighbor, and liable for any damages caused by the overflow of such diverted waters, or from percolation or seepage, without regard to the question of negligence in the construction of the drains, ditches, dams, or other obstructions which divert or impound the waters. Texas & P. Ry. Co. v. O'Mahoney (Tex. Civ. App.) 50 S. W. 1049; Id., 24 Tex. Civ. App. 631, 60 S. W. 902; Texas & P. Ry. Co. v. Frazer (Tex. Civ. App.) 182 S. W. 1161; Wichita Valley Ry. Co. v. Marshall (Tex. Civ. App.) 37 S.W.(2d) 757; 38 A. L. R. 1244.

It is true that none of these cases involve a municipality, but, in view of the recent decisions of the Commission of Appeals (City of Wichita Falls v. Mauldin and City of Wichita Falls v. Sullivan, supra), holding that the liability of a municipality for damages for diversion of flood waters onto another's property is the same as that of any private corporation, we see no reason why the rule announced does not by analogy also apply to a municipality.

It is also true that this common-law rule had been modified in some American jurisdictions, either by court action or by statute; but not so in Texas. The above decisions establish the common-law rule as adopted in Texas, and in an Act of the 34th Legislature, First Called Session, Acts 1915, c. 7, the rule was carried into our statutes by providing against "the diversion of the natural flow of surface waters," and against the "impounding of such waters," in any manner as to damage the property of another by "any person, firm or private corporation." The codifiers failed to incorporate this act in the 1925 Revised Statutes; but the act was re-enacted by the Fortieth Legislature (Gen. & Sp. Laws 1927, c. 56, § 1 [Vernon's Ann. Civ. St. art. 7589a]), and therefore the common-law rule is now the statutory rule of this State. Anderson v. Highland Lake Co. (Tex. Civ. App.) 258 S. W. 218; Texas & P. Ry. Co. v. Frazer (Tex. Civ. App.) 182 S. W. 1161; Wichita Valley Ry. Co. v. Marshall (Tex. Civ. App.) 37 S.W.(2d) 756; Thomas v. Bunch (Tex. Civ. App.) 41 S.W.(2d) 359, 360. While the statute is made to apply to

"any person, firm or private corporation," we see no reason why the principle should not apply to a municipality, since it is held in the Mauldin Case, supra, that the liability of a municipality in such cases is the same as that of a private corporation.

Our above conclusions render immaterial the several assignments of error as to the sufficiency of the petition for failure to allege that the improvements on Crothers avenue were negligently done. City of Lufkin v. Lively, supra.

We also overrule the assignments that the petition did not allege specifically the damages to appellee's property. It alleged the items of damages stated in our findings of fact, and the estimated damages to each piece of property described. The rule is well settled that a petition which states facts essential to a cause of action is good without setting out a proper legal measure of damages. Ara v. Rutland (Tex. Com. App.) 215 S. W. 445.

Nor do we sustain the several assignments which relate to objections to the instructions given the jury as to the measure of damages. The court instructed the jury that the measure of damages was the difference in the market value of appellee's property after the improvement of the street as it was graded and paved, and what its market value would have been if the street had been graded so as to not divert the waters onto the property, and if it had been so constructed as to not impound the waters opposite appellee's property, causing seepage.

Appellant insists that under all the authorities the proper measure of damages was the difference in the market value of the property immediately before the improvements on Crothers avenue and immediately after the improvements. Obviously this rule would not have been fair, because it did not take into consideration the enhancement of the property by virtue of the improvements. The value of the property with the street graded and paved so as to not divert and impound the waters, and its value with the street graded and paved so as to divert and impound the waters, causing damages, is the proper measure of damages.

By several assignments of error appellant complains of the admission of certain testimony as to the market value of the property by witnesses not qualified to give such testimony. Several witnesses qualified and gave testimony as to the market value of the property under the ruling of the court; and, if some witnesses were not properly qualified as to market value, which we do not concede, the admission of the testimony was not reversible error. City of Wichita Falls v. Mauldin (Tex. Civ. App.) 23 S.W.(2d) 771. In fact the witnesses as a whole were well qualified as to the market value of the property involved, by virtue of their being in the real estate and insurance businesses, or as tax assessor, to give the market value of the property as affected by the street improvements; and their testimony would have sustained a much larger verdict than was rendered.

We have carefully examined all of appellant's assignments of error, and find that neither of them would require a reversal of the judgment; and it is affirmed.

Affirmed.