**RUSSELL et ux. v. GENERAL CONST. CO.**

**No. 1102.**

Court of Civil Appeals of Texas. Eastland.

April 21, 1933.

Rehearing Denied May 19, 1933.

Scarborough, Ely & King, of Abilene, for appellants.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellee.

LESLIE, Justice.

The General Construction Company, a corporation, filed this suit against C. K. Russell and wife, seeking to foreclose a paving lien against their homestead in Merkel, Tex., an incorporated city. The defendants entered a general denial, set up cross-action, claiming damages against the construction company, in that their property had been injured (1) by the negligent raising of the street grade, thereby diverting water from its natural drainage and causing same to flow toward and about defendants' residence; (2) grading and paving unskillfully and negligently done; (3) failure to construct sufficient drains and gutters. Cancellation of the paving certificate was sought on the ground that the company did not substantially comply with the paving contract, which was therefore without consideration.

At the conclusion of the trial, the court directed a verdict for the plaintiff. The defendant appeals, predicating error on five propositions. The controlling contentions proceed upon the theory that the city and the construction company were joint tort-feasors, and that the company was therefore liable for damages alleged. The parties will be referred to as in the trial court.

The defendants' main contention is fairly stated in their brief in this language: "The only question in the case was, the plaintiff having constructed the pavement under the supervision of the City of Merkel, and the City of Merkel having furnished the grade, was the plaintiff liable to the defendants for the damages inflicted upon the defendants' property?"

An examination of the record discloses without controversy: (1) That the paving was done by virtue of a city ordinance enacted under authority of law. Article 1086 et seq.; arts. 1104, 1105, R. S. 1925; (2) the special assessment and certificate conformed to statutory requirements, and the latter contained recitals to that effect; (3) the construction company completed the improvements in accordance with the terms of its contract with the city, which accepted the work; (4) the defendants' property being homestead, they executed a mechanic's lien on same, by the terms of which they secured their proportion of the cost of grading and paving; (5) the

defendants agreed to the assessment by the city in favor of the plaintiff "in consideration of excavating, grading and paving and constructing curbs and gutters and otherwise improving the premises in said street under the terms of the contract between the City of Merkel and the General Construction Company and the specifications therein referred to"; (6) the mechanic's lien was cumulative of the obligation of the assessment and certificate issued thereon; (7) plans and specifications for the paving and improvement were prepared and furnished by the city through its engineer, who, in behalf of the city, supervised the construction of the work for the purpose of seeing that it was done in accordance with the contract; (8) the construction company, in making the grade and in laying the pavement, carried out the plans and specifications of the city of Merkel.

 Under the foregoing circumstances, the judgment of the trial court is correct. It is fundamental that the Legislature may establish or change the grade of streets and highways by direct act, or it may delegate that power to municipalities, thereby enabling them to make such changes in that respect from time to time as public necessity and convenience require. 10 R. C. L. p. 97, § 85; 13 R. C. L. p. 97, § 86; article 1086 et seq., and articles 1104, 1105, R. S. 1925. Pursuant to compliance with. the cited provisions of our statute, the city of Merkel, at the time of the acts complained of, had the power to change or establish the grade of its streets and provide for their pavement, etc. Hence, the city being within its legal right in making the public improvement, and the plaintiff construction company having properly done the work, according to the plans and specifications, there would be no liability for damages against the company, though the street was elevated above the defendants' property and cast water thereon, contrary to the natural flow of the same. The work of the construction company was not its personal act, but that of the city of Merkel, which, under definite conditions, was liable for damages, if any, flowing from the act complained of. Salliotte v. King Bridge Co. (C. C. A.) 122 F. 378 (6), 65 L. R. A. 620; 43 C. J. p. 1159, § 1917.

It will be observed that the city of Merkel is not a party to this suit, and we are not here dealing with the question of a property owner's right to recover damages for injuries to his property as those rights arise under article 1, § 17, of the Constitution, which provides: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person. * * *"

There is a further reason why the judgment should be affirmed. In the mechanic's lien contract executed by the defendants, they obligated themselves to pay for the grading and paving when done in accordance with the plans and specifications determined and agreed upon between the city of Merkel and the construction company. There is no question in this case that the grade, considered from an engineering standpoint, and in view of public necessity and convenience, was not a proper one, nor that the pavement was not properly constructed. Under these circumstances, it is not believed that the law would permit the defendants to recover from the contractor damages for injuries which were incidental to the doing of the work according to "specifications" agreed to by all parties. City of Texarkana v. Talbot, 7 Tex. Civ. App. 202, 26 S. W. 451. Under the facts stated, the agreement should be treated as a consent to the grade, etc., and therefore a waiver of the incidental damages resulting Article 1, § 17, Constitution, supra.

The authorities relied on by the defendants deal with the liability of the city for damages to abutting property owners when their property has been taken or damaged for public purposes contrary to the above provision of the Constitution. A different principle applies in such cases, and they are not controlling here.

For the reasons assigned, the judgment of the trial court is affirmed.