## AUSTIN ROAD CO. v. ANDERSON.
### No. 6295.

Court of Civil Appeals of Texas. Texarkana.
June 26, 1947.

Rehearing Granted April 29, 1948.

Marion B. Solomon, of Dallas, and Fred Erisman, of Longview, for appellant.

. Anglin & Jones, of Longview, for appellee.

WILLIAMS, Justice

In support of the decree which overruled the plea of privilege of appellant, the Austin Road Company, to be sued in Dallas County, the trial court found: (1) The Austin Road Company, the defendant, was a private corporation with its principal office at Dallas, Texas, and had as its local agent Jno. Rineheart, who resided in Gregg County at the time this lawsuit was filed; (2) that appellee, Grady Anderson, plaintiff below, owned and operated a business known as the "DeLuxe Drive In" which is located adjacent to and abutting State Highway 26 near but outside the city limits of Kilgore; (3) the defendant company while engaged in widening said highway in front of and along the highway on both sides of plaintiff's business, dug a sewer ditch and piled the dirt from the ditch toward the outside of said highway and toward the front of plaintiff's business. That the dirt mound from the ditch so placed by defendant company was 5 to 6½ feet high and 10 to 12 feet thick and was so placed that it closed the plaintiff's means of ingress and egress, leaving an alley in the rear of his building as the only means of ingress and egress; (4) "That there was room and the defendant could have placed the mound of dirt closer to the ditch or on the inside of the ditch between the ditch and the pavement and would have thus left a means of egress and ingress to plaintiff's place of business"; (5) "This condition existed from November 13, 1946 until the sewer was laid and refill made on December 5, 1946, and thereafter until the 23rd day of January, 1947, the date of trial, his frontage remained soggy, wet and impassable; that plaintiff suffered much loss through loss of profits because customers could not get to his place of business and suffered loss through loss of good will that had been established among his customers and

that plaintiff went to some expense and suffered damages by reason of having to pull cars of customers that had become mired and stuck in front of his place of business"; (6) that all this occurred in Gregg County, Texas, and plaintiff has suffered actual damages as a result of such trespass.

From the above findings of fact, the court concluded that: (1) The placing of the dirt by the defendant company on plaintiff's property and closing up plaintiff's means of ingress and egress was negligence on the part of the defendant company and such negligence was the direct and proximate cause of plaintiff's loss of profits and good will; and (2) "Defendant's negligence in so placing the dirt, constituted an active trespass upon plaintiff's property which occurred in Gregg County, Texas.

In addition to plaintiff's allegations under which evidence was introduced in support of above findings of fact, plaintiff plead: "Plaintiff would show that the defendant had been engaged in road construction work and on the 13th day of November, 1946, began work on highway 26 *under contract with the State Highway Department to widen the pavement on said highway 26 at a point some 150 feet North of plaintiff's business and extending some 400 feet South of plaintiff's business."* (Italics ours.) It is without controversy that said highway at the time and place in question was being widened pursuant to a contract, oral or written, with the State Highway Department. It is plaintiff's testimony that defendant "had a contract to put in, widen that pavement about 18 feet; they also had a contract to put in a storm sewer immediately adjoining my property and they piled this dirt up in my door where I couldn't even open the door for my customers to come in."

Under the pleadings of plaintiff and his testimony above set out, the burden of proof rested upon him to establish by a preponderance of the evidence that the acts complained of as constituting a trespass was violative of and not in accordance with the specifications of its contract with the State Highway Company, an agency of the State. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

The learned, efficient and able trial court did not find as a fact and could not have found as a fact that defendant in doing the work as above disclosed and in piling the dirt on one side of the ditch instead of the other as complained of did so in violation of the specifications called for in the contract with the State Highway Department. The terms of this contract were not introduced in evidence. None of its specifications were alluded to. No effort was made to show that the work was not done in accordance with the terms and specifications of defendant's contract with the State Highway Department. And in this respect in failing to show a breach of duty owing by defendant to plaintiff, plaintiff failed to prove a cause of action which is fatal to his claimed right to maintain venue in Gregg County under either subdivision 9 or subdivision 23 of Art. 1995, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 1995, subds. 9, 23. Likewise, applicable to a contract with the State of Texas, here presented, it is stated in 43 C.J., 1159, par. 1917: "A contractor constructing a drain or sewer or making other public improvements for a municipality under its supervision and control is not liable for injuries resulting to adjoining property, unless the work is improperly or negligently performed, nor is such contractor liable where the negligence charged consists in the method adopted under the direction of the city authorities; but for any injury due to his negligence in the performance of the work the contractor is liable." Panhandle Const. Co. v. Shireman, Tex.Civ.App., 80 S.W.2d 461; Russell v. General Construction Co., Tex.Civ.App., 59 S.W.2d 1109; City of Huntsville v. McKay, Tex.Civ.App., 286 S.W. 305; Blair v. Waldo, Tex.Civ.App., 245 S.W. 986; Secs. d, l and q—4 of Art. 6674, R.C.S. of Texas, Vernon's Ann.Civ. St. arts. 6674d, 6674l, 6674q—4. The State of Texas not being a party defendant, we are not called upon to apply the principle of law discussed in Brooks v. State, Tex. Civ.App., 68 S.W.2d 534, and Gotcher v. State, Tex.Civ.App., 106 S.W.2d 1104; State v. Hale, 136 Tex. 29, 146 S.W.2d

731, to which may be added 40 Am.Jur. p. 290, Sec. 76, cited by appellee.

For the reasons indicated, the judgment of the lower court is reversed and remanded to the trial court with instructions to transfer this cause with all court papers to a district court of Dallas County.

HARVEY, Justice.

I respectfully dissent from the majority opinion herein. Fundamentally, the issue raised by a plea of privilege is one of venue and not of liability. The burden is upon plaintiff to show that he has a bona fide cause of action in the county where the suit is filed and that one of the exceptions set out in Art. 1995 is applicable. My esteemed colleagues in this case hold that the burden of proof rested upon the plaintiff to show "that the acts complained of as constituting a trespass was violative of and not in accordance with the specifications of his contract with the State Highway Company, an agency of the State." They cite Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, as authority for this statement. The cited case holds among other things that the showing made on a hearing of a plea of privilege is determined in the ordinary way of disposing of fact issues, and the evidence introduced by both parties is to be considered. It expressly limits the facts to be determined on a plea of privilege hearing to "venue facts." Not even remotely is the cited case authority for the statement quoted from the majority opinion. In this case the plaintiff in order to maintain his suit against defendant in Gregg County alleged that the defendant was guilty of trespass in that county and invoked exception 9 of Article 1995 of the venue statute. When he made the proof, under his pleadings in the case, that defendant was guilty of active negligence in Gregg County, Texas, proximately causing the injuries complained of, he made a prima facie case against the defendant. The defendant introduced no evidence to rebut the prima facie case so made.

I have no criticism of that part of the opinion which holds that one who causes damage to another while engaged in making public improvements for the state is not liable therefor, if done in compliance with and according to his contract with the state. This principle of law is well settled and beyond cavil. It is equally well settled, however, that a party engaged in the performance of services for the sovereign authority is responsible for injuries done by him, due to his own negligence. It matters not whether the one performing the services was under contract to perform them for the State of Texas, the United States Government, or the King of Lilliput; if he negligently performs his duties, he is liable for any injuries accruing. No special sanctity cloaks him by reason of his employer being a sovereign authority. I am of the opinion that when the plaintiff established the venue facts set out under the exception to Article 1995 in question, he made a prima facie case in Gregg County; that the burden of proceeding then shifted to the defendant to rebut the showing so made. There is no presumption to be indulged that a contractor performing services for the state followed the plans and specifications of his contract and did the work as directed by it. The fact that he did not choose to introduce his contract or to show that he had performed his duties thereunder in accordance with the provisions of the contract is strongly persuasive that in doing what he was alleged to have done he was not acting according to the provisions of the contract. Surely the burden is not on the plaintiff to negative in his pleadings and proof possible defenses that might be urged.

In the Compton v. Elliott case, supra, we quote the following express holdings of the court:

"The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception in article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition. * * *

"The venue facts, therefore, which plaintiff is required to plead and prove, are

that the crime or offense alleged was committed and that it was committed in the county where the suit is pending."

We offer also a brief excerpt from the case of Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, 677, noting the distinction between a trial upon a plea of privilege and a trial upon the merits of the case: "The former is to determine whether the complaining defendant is suable on the transaction involved, where plaintiff filed the suit; the latter to determine defendant's liability on the transaction. The language of article 1995 is that 'no person * * * shall be sued out of the county' of his domicile unless, etc. It does not contemplate that on a hearing on a plea of privilege any matters shall be tried other than such as are necessary to determine whether defendant is suable where the suit is filed. Article 2007, R.S., provides that, if plaintiff desires to resist the plea of privilege, he shall file a controverting plea under oath, setting out specifically the facts 'relied upon to confer venue of such cause on the court where the case is pending.' The issue of venue, not liability, is thereby raised, when the affidavit is filed."

In my judgment the trial court correctly overruled the plea of privilege under the enumerated facts which showed the trespass to have been committed in Gregg County, and there not having been introduced any evidence on the part of defendant to contradict them.

Therefore, the judgment of the trial court should be affirmed.

## On Motion for Rehearing

WILLIAMS, Justice.

While this motion for rehearing has been pending, this court on its own motion certified to the Supreme Court the following two questions:

"(1) After the defendant has timely filed its plea of privilege which contains all the allegations required under Rule 82, T.R.C.P., and when venue issue has been joined with plaintiff's controverting plea did the burden of proof rest upon plaintiff to prove that the above acts of defendant in piling the dirt as stated were done in violation of the terms and specifications of the contract had with the State Highway Department in order to maintain venue in Gregg County, Texas;

"(2) Or was a prima facie case made when the trespass was shown, thereby shifting the burden of proceeding to the defendant and making it incumbent on defendant to show defensively that its acts were in conformity with the requirements of its contract?"

The Supreme Court, 209 S.W.2d 595, answered the first question "No," and the second "Yes."

In view of such answers which determines upon whom the burden of proof rested under the particular facts of this record, the judgment of this court heretofore rendered on June 26, 1947, is set aside, and the judgment of the trial court is in all respects affirmed.