IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-65,054-04






EX PARTE GENE WILFORD HATHORN, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NUMBER 6958-D IN THE


411TH DISTRICT COURT OF TRINITY COUNTY





 Price, J., filed a statement respecting the subsequent application for writ of habeas
corpus.


DISSENTING STATEMENT



 The Court today dismisses the applicant's subsequent writ application brought pursuant
to Article 11.071 of the Texas Code of Criminal Procedure. The issue is whether he has
invoked a legal basis that was unavailable to him before. (1) This is not this applicant's first
subsequent writ application. The applicant filed two subsequent applications for writ of habeas
corpus, in March and June of 2006. But at the time he filed those first two subsequent writ
applications, we had not yet disposed of his initial writ application. On September 13, 2006,
we denied his initial writ application and dismissed both of his subsequent writ applications.

 In his initial writ application, the applicant argued that the jury instructions at the
punishment phase of trial were constitutionally insufficient under Penry v. Lynaugh. (2) He did
not reiterate his Penry claim in either of the subsequent writ applications that were filed in
2006, even though by that time the United States Supreme Court had issued a number of
opinions that would have bolstered his claim. (3) But there is no reason to have expected him to
reiterate his Penry claim in those first two subsequent writ applications, since this Court had
yet to dispose of his initial writ application at that time.

 Now the applicant has filed a third subsequent writ application. In it he contends that
this Court should revisit his Penry claim in light of two Supreme Court cases decided since we
denied his initial writ and dismissed his first two subsequent writs. (4) I agree with the applicant
that we should allow him to proceed with his third subsequent writ application, consistent with
our holding in Ex parte Hood. (5) Hood involved a jury nullification instruction issue that was
raised on direct appeal, where we rejected it, and then omitted from the initial state writ
application. After the United States Supreme Court issued its opinion in Penry v. Johnson
("Penry II"), Hood filed a first subsequent state writ application, but he failed to reiterate his
jury nullification claim at that time. (6) Among our many holdings in that complex opinion, we
essentially held that, had Hood re-raised his jury nullification issue in this first subsequent writ
application, we would have entertained it, since we regarded Penry II as a legal basis that had
been unavailable to Hood before. (7) But because he did not raise it in his first subsequent writ
application, we concluded that we were barred from entertaining it under Article 11.071,
Section 5 of the Code of Criminal Procedure in any later subsequent writ application. 

 The applicant in this case raised his objection to the lack of a mitigation instruction for
the first time in his initial state habeas application. We have said that such a claim is
cognizable in a state habeas corpus application even if raised there for the first time. (8) When
we rejected the applicant's initial writ in September of 2006, his Penry claim became
"unavailable by exhaustion" under the rubric of Hood. (9) Because the applicant's initial writ was
still pending when he filed his first two subsequent writs, he cannot have been expected to re-raise his Penry claim. He was entitled to assume that this Court would consider all Supreme
Court case law extant at the time we disposed of his initial writ in resolving his Penry claim,
including those cases decided in 2001 and 2004. (10) In my view, then, the applicant's Penry
claim became available once again in 2007 when the Supreme Court decided Abdul-Kabir and
Brewer, the very cases the applicant now cites in his third subsequent writ application. We
should allow him to develop his renewed Penry claim in the trial court under Article 11.071,
Section 5. Because the Court will not, I dissent.

 The Court should at least file and set this cause to explain why it will not allow the
applicant to proceed. Moreover, for the reasons given in Judge Holcomb's dissenting
statement, if the Court is not going to allow the applicant to proceed with his third subsequent
writ application under Hood, it should reconsider the applicant's initial writ application on its
own initiative, as we recently did in Ex parte Moreno. (11) Because the Court seems unwilling
even to do this, (12) I also dissent.

Filed: April 9, 2008

Do Not Publish
1. See Tex.Code Crim.Proc. art. 11.071, § 5(a)(1) & (d).
2. 492 U.S. 302 (1989).
3. Penry v. Johnson (Penry II), 532 U.S. 782 (2001); Tennard v. Dretke, 542 U.S. 274 (2004); 
Smith v. Texas, 543 U.S. 37 (2004).
4. Abdul-Kabir v. Quarterman, 127 S.Ct. 1654 (2007); Brewer v. Quarterman, 127 S.Ct. 1706
(2007).
5. 211 S.W.2d 767 (Tex. Crim. App. 2007).
6. Id. at 771.
7. Id. at 778.
8. Ex parte Goodman, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991).
9. 211 S.W.3d at 776-77.
10. See note 3, ante.
11. Ex parte Moreno, 245 S.W.3d 419 (Tex. Cr. App. 2008).
12. I note, however, that the applicant has yet to file a suggestion, as Moreno did, that the Court
reconsider his initial writ on its own initiative.